GEORGE WERNER, Respondent, *v.* THE CITY OF ROCHESTER, Appellant.

1. REQUIREMENT IN CITY CHARTER OF SERVICE OF NOTICE PREC EDENT TO ACTION FOR PERSONAL INJURIES — ACTION FOR INJURIES TO PROPERTY AND PERSON — FAILURE TO SERVE NOTICE NOT PROPERLY RAISED AT TRIAL. Where an action against the city of Rochester, whose charter (Laws of 1890, chap. 561, § 18) requires a notice of intention to commence an action for personal injuries to be served upon the city attorney within six months after the cause of action accrues, embraces a claim for injury to property as well as a claim for injury to the person, and evidence is given in support of both claims, the point that such notice was not seasonably served is not presented on appeal by an exception to the denial of a motion for a non-suit based on that ground.

2. APPEAL — POINT NOT TAKEN AT TRIAL. An exception to the denial of a motion for a new trial does not enable a party to argue in the Court of Appeals a point not taken on the trial.

*Werner* v. *City of Rochester,* 77 Hun, 33, affirmed.

(Argued June 5, 1896; decided June 16, 1896.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made March 27, 1894, which affirmed a judgment of the Monroe County Court in favor of plaintiff entered upon a verdict, and also affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*A. J. Rodenbeck* for appellant. Plaintiff's notice of claim does not comply with the provisions of defendant's charter. (*Paddock* v. *City of Syracuse,* 39 N. Y. S. R. 563; Laws of 1890, chap. 561, § 27; *Smith* v. *City of Rochester,* 19 N. Y. Supp. 459; *Shallow* v. *City of Salem,* 136 Mass. 136; *Butts* v. *Town of Stowe,* 53 Vt. 600; *Growin* v. *City of Boston,* 135 Mass. 110; *McNally* v. *City of Cohoes,* 127 N. Y. 351; *Miles* v. *Lynn,* 130 Mass. 398.) Plaintiff failed to file a notice of intention to commence his action as required by law. (Laws of 1890, chap. 561, § 18; Laws of 1886, chap.

572; *Curry* v. *City of Buffalo,* 135 N. Y. 370; *Reining* v. *City of Buffalo,* 102 N. Y. 310; *Brehm* v. *Mayor, etc.,* 104 N. Y. 186; Code Civ. Proc. § 406; *People ex rel.* v. *Terry,* 108 N. Y. 1; *Johnson* v. *H. R. R. R. Co.,* 49 N. Y. 455; *F. A. Bank* v. *Colgate,* 120 N. Y. 381; Sutherland on Stat. Const. § 238; *Scofield* v. *Collins,* 3 Cow. 89; *Murray* v. *N. Y. C. R. R. Co.,* 4 Keyes, 274; *Smith* v. *People,* 47 N. Y. 330; *People* v. *Asten,* 6 Daly, 26.)

*Heman W. Morris* for respondent. Notice of plaintiff's intention to commence the action was seasonably filed with the city attorney. (*E. P. Co.* v. *Lacey,* 63 N. Y. 426; *Reining* v. *City of Buffalo,* 102 N. Y. 310; *Brehm* v. *Mayor, etc.,* 104 N. Y. 186; *Trimmer* v. *City of Rochester,* 134 N. Y. 77; *Perkins* v. *Smith,* 116 N. Y. 448; *Steen* v. *N. F. Ins. Co.,* 89 N. Y. 315; *Mayor, etc.,* v. *H. F. Ins. Co.,* 39 N. Y. 45; *Hay* v. *S. Ins. Co.,* 77 N. Y. 236; *Cooper* v. *U. S. M. B. Assn.,* 132 N. Y. 334.) The statement of the claim which was presented to the common council was a substantial compliance with the provision of the charter, which requires the claimant to specify, in his statement, when, where and how the injury occurred, and was duly presented to that body. (Laws of 1890, chap. 561, § 18.)

*Per Curiam.* The point upon which the appellant's counsel principally relies for the reversal of the judgment, viz.: the plaintiff's failure seasonably to serve notice of his intention to commence the action, on the city attorney, is not presented by any proper exception in the record. The action was to recover damages for an injury, both to the person of the plaintiff and to his horse and buggy, caused by an alleged defective condition of one of the public streets in Rochester, in which a sewer was being constructed. The complaint contains suitable allegations charging negligence upon the defendant, in permitting piles of earth thrown out of the excavation to remain in the street, without placing guards or lights to protect persons traveling in the street, and that the plaintiff, driving along the street in

the night time, without any negligence on his part, drove upon
the mound of earth and his buggy was overthrown, and
sustained the injuries mentioned.    The provision in section 80
of the city charter, as amended by the Laws of 1890, chap.
561, sec. 18, requiring, among other things, notice to be served
on the city attorney of an intention to commence an action
against the city before commencing the same, only applies to
actions for personal injuries.  As to any other claim or demand,
the action may be maintained without the service of any
notice on that officer.    There was a notice served before com-
mencing the present action; but it is insisted that it was not
served within the six months specified in the charter.    The
only exception on the trial, which is claimed to have raised
this point, was taken to the denial of a motion for a non-suit,
which specified the failure to serve the notice in terms as one
of the grounds of the motion.    But since the action embraced
as well a claim for injury to property as a claim for an injury
to the person, and evidence was given in support of both
claims, a non-suit as to the claim for injury to property for
want of service of timely notice on the city attorney would
have been manifestly improper.  (*Caulkins* v. *Hellman,* 47
N. Y. 449.)    The point as to the right to recover for the
personal injury, in the absence of reasonable notice to the city
attorney, might have been raised by proper requests for
instructions at the trial.    But the defendant did not ask the
court to dismiss this part of the claim, or to instruct the jury
that no recovery could be had thereon.    We see no answer to
the point that the main question upon which the defendant
relies on this appeal is not before us.

Subsequently to the verdict, the defendant made a motion for
a new trial.    The court denied the motion and the defendant
excepted.    But an exception to the denial of that motion does
not enable the defendant to argue in this court a point not
taken on the trial.

The plaintiff, under the circumstances, is entitled to the full
benefit of the lack of a proper exception.    The defense, upon
the facts disclosed, is quite technical.

Upon the point that the statement of claim presented to the common council was not sufficiently specific, we think the statement was sufficient, both in respect to the description of the injury, and as to " where, when and how it occurred." The full consideration of this point, in the opinion of the General Term, makes further elaboration unnecessary. Without, therefore, passing upon the main question, we think the judgment should be affirmed.

All concur, except HAIGHT, J., not sitting.

Judgment affirmed.