CHARLOTTE BEYER, Appellant, *v.* CITY OF NORTH TONAWANDA, Respondent.

NEGLIGENCE — NOTICE OF DEFECTIVE SIDEWALK. A written notice, required by the charter of the city of North Tonawanda to be served after the happening of an accident, which describes the street, the side of the street and the particular defect alleged to have caused the injury as about half way between two cross streets, is a sufficient compliance with the charter for the purpose of bringing an action for damages, although the accident occurred from eighty to one hundred feet nearer one street than the other.

*Beyer* v. *City of North Tonawanda*, 94 App. Div. 614, reversed.

(Submitted December 12, 1905; decided January 9, 1906.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered August 31, 1904, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*A. F. Premus* for appellant.  In view of the circumstances and surroundings and the nature of the sidewalk, the notice indicated the location of the defects and want of repair in this sidewalk with sufficient particularity and accuracy to meet the requirements of the law and the provisions of the city charter.  (*Masters* v. *City of Troy*, 50 Hun, 485 ; *Werner* v. *City of Rochester*, 77 Hun, 33 ; *Murphy* v. *Vil. of Seneca Falls*, 57 App. Div. 438 ; *Sullivan* v. *City of Syracuse*, 77 Hun, 440 ; *Cross* v. *City of Elmira*, 86 Hun, 467 ; *Place* v. *City of Yonkers*, 43 App. Div. 380 ; *Stedman* v. *City of Rome*, 88 Hun, 279 ; *Paddock* v. *City of Syracuse*, 61 Hun, 8.)   The evidence showed due service of the notice. (*Missano* v. *Mayor, etc.*, 160 N. Y. 123 ; *McDonald* v. *City of New York*, 42 App. Div. 263 ; *Elias* v. *City of Rochester*, 49 App. Div. 597 ; *Sheehy* v. *New York*, 160 N. Y. 139 ; *Wormwood* v. *City of Waltham*, 144 Mass. 184; *Foot* v. *Stiles*, 57 N. Y. 399 ; *Weeks* v. *Elias*, 2 Barb. 320 ; *Greenleaf* v. *Low*, 4 Den. 168; *Horton* v. *Parsons*, 37 Hun. 42 ; *Matter of Kendall*, 85 N. Y. 302.)

*Ray M. Stanley* and *John K. White* for respondent.   The notice of injury in this case is insufficient and does not comply with the charter provisions, in that it fails to particularly designate the place at which the alleged injury was received. (*Rauber* v. *Vil. of Wellsville*, 83 App. Div. 581 ; *Lee* v. *Vil. of Greenwich*, 48 App. Div. 391 ; *Learned* v. *Mayor, etc.*, 21 Misc. Rep. 601.)   The notice of injury was not served upon the mayor or city clerk as is required by the statute.  ( *Winslow* v. *S. I. R. T. Co.*, 51 Hun, 298.)

O'BRIEN, J. The plaintiff sought to recover damages for a personal injury claimed to have been received by her in consequence of a defective sidewalk. On the trial her complaint was dismissed and the questions of negligence presented by the pleadings were not passed upon, but it was held that, as matter of law, she was not entitled to recover. The judgment was affirmed on appeal upon the sole ground, as stated in the order, " that the notice required to be served by the plaintiff after the happening of the alleged accident did not particularly and accurately state the location of the defect complained of as required by defendant's charter." The provision of the charter referred to is as follows :

" And the city of North Tonawanda shall not be liable for any damage or injury sustained in consequence of defects in, want of repair, or obstruction of any of the highways, streets, alleys, sidewalks, cross-walks or public places of the city unless notice in writing shall have been served upon the mayor or city clerk within ten days after the happening of the casualty from which such damage or injury may have resulted, and such notice shall particularly state such defect, want of repair or obstruction and the location thereof."

The learned court below held that the plaintiff failed to comply with this provision of the charter and, hence, the nonsuit at the trial was sustained.

The statements in the notice which the plaintiff caused to be served upon the defendant are in the following language :

" The undersigned Charlotte Beyer, residing on Niagara Street in said city of North Tonawanda, while carefully walking along and over the sidewalk on the easterly side of Paynes avenue between Schenck street and Robinson street in said city, at about ten o'clock in the forenoon on the 20th day of April, 1902, was severely injured by reason of a decayed and defective portion of said sidewalk, about half way between Schenck street and Robinson street ; that the particular defect in said sidewalk consisted of one or more loose and decayed planks in said sidewalk ; that said plank or planks at the point aforesaid were rotten and decayed at the ends and loose at one or

both ends, and that when I attempted to cross such portion of said defective sidewalk I was tripped and thrown and caused to fall violently to the ground and thereby sustain severe injuries and was thereby caused great pain and suffering." On April 29th, 1902, that is, nine days after the accident, this notice was delivered to the deputy city clerk of the city, and on the same day came to the actual possession of the city clerk who, on the same day, presented it to the defendant's common council and that body received, filed and referred the same.

The sole question in the case is whether this notice was a sufficient compliance with the statute for the purpose of enabling the plaintiff to bring and maintain the action. We think it was. Clearly, the notice on its face is sufficient. It describes the street or avenue where the accident happened, the side of the avenue and the particular locality as "about half way between Schenck street and Robinson street." But the defendant gave evidence at the trial tending to show that the precise locality where the accident occurred was not half way between the two streets mentioned that cross the avenue ; but was from eighty to one hundred feet by measurement from the center of the avenue. It seems that this notice was sufficient to enable the defendant's engineer to pick out the place where the rotten plank was which caused the plaintiff's injury. The engineer does not seem to have had any trouble on that ground. It appears that the side of the avenue where the accident occurred was substantially a vacant lot, and if the plaintiff made a mistake in describing the place of the injury as half way between two of the cross streets it would be rather too narrow a point upon which to determine the case. The purpose of the statute, obviously, was to enable the defendant to find the place where the defect was claimed to have been, in order to prepare for trial and in order to remedy it and, as already observed, the city had no difficulty in finding it. The engineer measured from the spot to each of the cross streets and found that it was nearer to one of them than to the other by some eighty or one hundred feet, I am not

aware of any well-considered case which decides that such a defect in the notice is fatal to a recovery, and there are numerous cases that hold to the contrary. (*Werner* v. *City of Rochester*, 77 Hun, 33; affirmed, 149 N. Y. 563; *Masters* v. *City of Troy*, 50 Hun, 485; *Murphy* v. *Village of Seneca Falls*, 57 App. Div. 438; *Sullivan* v. *City of Syracuse*, 77 Hun, 440; *Cross* v. *City of Elmira*, 86 Hun, 467.) There are numerous other cases upon the same point, but it is not important to cite them upon a question that would seem to be so plain.

The learned court below made no question as to the sufficiency of the service of the notice, and it is unnecessary to deal at length with that question, although it is discussed upon the briefs of counsel. We think that both the notice and the service were a sufficient and substantial compliance with the provisions of the statute and that the ruling at the trial nonsuiting the plaintiff was error.

There is no question before us in regard to negligence, as that was not dealt with either at the trial or upon the appeal.

The judgment must be reversed and a new trial granted, costs to abide the event.

CULLEN, Ch. J., GRAY, BARTLETT, HAIGHT, VANN and WERNER, JJ., concur.

Judgment reversed, etc.