## McDOWELL v. CITY OF AUBURN

(Supreme Court, Appellate Division, Fourth Department.   May 6, 1908.)

1. MUNICIPAL CORPORATIONS—DEFECTIVE STREET—INJURY TO DRIVER—QUESTIONS FOR JURY.

In an action against a city for injury to one driving in a defective street, whether the street was in a reasonably safe condition for public travel, whether the city was negligent, and whether plaintiff was free from contributory negligence, *held*, under the evidence, questions for the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, §§ 1745–1757.]

2. SAME—NOTICE OF INJURY—SUFFICIENCY.

Under Auburn City Charter, § 124, a notice to the city specifying that the accident in which plaintiff was injured occurred in a specified street between a railroad crossing and a specified avenue 1,000 feet away, and that it resulted from driving over the defective roadbed in that street, which extended northerly for about 10 rods from a point several rods north of the crossing, was sufficiently definite to enable the city to prepare for trial and to remedy the defect, the real purpose of the act; it being unnecessary to point out the precise location of the stone, hole, etc., that overturned plaintiff's wagon.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, §§ 1701, 1702.]

McLennan, P. J., dissenting.

Appeal from Trial Term, Cayuga County.

Personal injury action by L. J. McDowell against the city of Auburn. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Charles A. Wright and Frank C. Cushing, for appellant.
William S. Elder and J. Henry Kerr, for respondent.

WILLIAMS, J.  The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide event.  The action is one to recover damages for personal injuries alleged to have resulted from defendant's negligence.

The appellant contends that the questions of negligence and contributory negligence were for the jury.  There was evidence from which the jury might have found that South Division street, in the vicinity where the accident occurred, was in a very bad condition. There were in it mounds of earth, cinders, stones, holes and depressions, manhole covers, etc., and it was fairly a question for the jury whether it was in a reasonably safe condition for public travel with teams and vehicles.  It had been allowed by the defendant to remain in such condition for a long time prior to the accident.  The plaintiff was driving a team hitched to a wagon, on which he had a cable of

rope coiled up and weighing 4,100 pounds. It was about five feet high and four feet through. There were stakes on the wagon, between which the rope lay, and the rope was also tied and blocked. In passing along the street the wagon rocked back and forth, as it went over the mounds and stones and through the holes and depressions in the roadbed, and finally the wagon was overturned and the plaintiff was injured. The question as to defendant's negligence, as the cause of the accident and injury, was clearly one of fact for the jury. If a city will allow a street to be in the condition the evidence showed this one to be, it must take the consequences, so far as its negligence is concerned.

The plaintiff had driven teams with loads like the one in question over this street continuously for a year or two, and knew the condition of the road bed. His wagon and load had never been overturned before. He had a right to use the street, and could not, as matter of law, be held guilty of contributory negligence merely because he knew the condition of the roadbed, and yet drove over it. He testified that he was driving carefully at the time the accident occurred. Other drivers testified that in going over this roadbed their wagons rolled back and forth so that they could hardly keep their seats. The plaintiff's freedom from contributory negligence was a question of fact for the determination of the jury.

The complaint sufficiently alleged that the negligence of the defendant was the cause of the accident and injuries. All the evidence was taken without objection by reason of any defect in the complaint, and this question was first suggested at the close of the evidence, when the motion for a nonsuit was made. The objection to the complaint was not well taken. All the facts were alleged, from which the conclusion fairly followed that the defective condition of the roadbed caused the overturning of the wagon.

The notice served upon the defendant's attorney of the time, place, and cause of the injury, etc., under section 124 of defendant's charter, was sufficiently definite in describing the place where the accident occurred. The notice stated that the accident occurred in South Division street, north of the railroad crossing and between that and Wright avenue, which was about 1,000 feet from the crossing. The notice further stated that the accident resulted from driving over the defective roadbed in that street, which extended from a point several rods north of the crossing, for about 10 rods, northerly along the street. This was sufficiently definite to enable the defendant to prepare for trial and to remedy the defect, and this is the real purpose of the act. It would be too narrow a rule to hold that the precise location of the mound or stone, hole or depression, that overturned the wagon should be pointed out. The roadbed for 10 rods was described in the notice, and it was said that the accident occurred upon this roadbed, and by reason of the defects described in the notice. This was sufficient. Beyer v. City of North Tonawanda, 183 N. Y. 338, 76 N. E. 214, and cases therein referred to. In the Beyer Case the proof on the trial showed the accident occurred on a sidewalk 80 to 100 feet away from the place indicated in the notice, and the notice was nevertheless held sufficient. In Werner v. City of Rochester, 77 Hun, 33, 28 N. Y. Supp.

226, affirmed 149 N. Y. 563, 44 N. E. 300, the action was for an injury on the roadbed, and the notice stated the place was about one-third of a mile east of a railroad crossing, and was held to be sufficiently definite.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide event, upon questions of law and fact. All concur, except Mc-LENNAN, P. J., who dissents upon the ground that the plaintiff was not shown to have been free from contributory negligence.