(127 App. Div. 814.)
### ROMANOWSKI v. CITY OF TONAWANDA.

(Supreme Court, Appellate Division, Fourth Department. July 7, 1908.)

1. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALKS—INJURIES TO PEDESTRIANS—RIGHTS OF PARTIES.

The rights of a pedestrian, injured because of a defective sidewalk while the municipality owning it was a village, and the rights of the municipality, which subsequently incorporated as a city, must be determined under the provisions of the village law in force prior to the incorporation as a city.

2. SAME—NOTICE OF INJURIES—SUFFICIENCY.

A statement of injuries to a pedestrian, caused by a defective sidewalk, which recites that the accident occurred at a point in the sidewalk on the east side of a designated street a short distance from a designated cross street, is sufficient within Village Law, Laws 1897, p. 453, c. 414, § 322, requiring a statement of the nature of the claim and of the time and place at which the injury occurred, etc., though the accident occurred 228 feet from the designated cross street and 96 feet from the next cross street.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1702.]

3. SAME—CARE OF SIDEWALKS—OBLIGATION OF VILLAGE.

A village is not bound to keep its sidewalks in an absolutely safe condition, but is bound only to use reasonable care in that regard.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, §§ 1612, 1616.]

4. SAME—NEGLIGENCE—EVIDENCE—SUFFICIENCY.

In an action against a village for injuries to a pedestrian, caused by defective sidewalk, evidence held not to show such defective condition as to charge the village with constructive notice that the walk was in a defective condition.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1741.]

Appeal from Erie County Court.

Action by Mary Romanowski against the city of Tonawanda. From a judgment for plaintiff, and from a denial of a new trial, defendant appeals. Reversed, and new trial granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, ROBSON, and KRUSE, JJ.

John K. White and Ray M. Stanley, for appellant.
Harrington & Premus and W. B. Simson, for respondent.

WILLIAMS, J. The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide event. The action is to recover damages for personal injuries alleged to have resulted from defendant's negligence. The plaintiff received her injuries in a fall upon a sidewalk. Her daughter, who was walking with her

at the time stepped on a loose plank in the sidewalk. It tipped up, caught plaintiff's foot, and she fell. The boards lay crossways of the walk. Plaintiff was 61 years old. The jury rendered a verdict for $1,480 damages.

The defendant was a village when the accident occurred, November 12, 1902, and when the action was brought, February 19, 1903. It was incorporated as a city March 9, 1903, by chapter 22, p. 41, of the Laws of that year. The rights of the parties are to be determined under the provisions of the village law in force prior to the incorporation as the city.

One reason given here as a reason for the reversal of the judgment is that there was a substantial failure to comply with section 322 of the village law (chapter 414, p. 453, Laws of 1897) as to the verified statement required to be served upon the village clerk within six months after the injuries were received, and the defect alleged was as to the place of the accident. It was in the statement said to have occurred at "a point in the sidewalk on the east side of Delaware street, a short distance from Fremont street." This was a street crossing Delaware. The next cross street north was Benton, and the next one south was Scott, each about 324 feet distant from Fremont street. The statement did not say whether the place was north or south of Fremont street, but merely a short distance therefrom. The complaint stated the place was between Fremont and Benton streets, and this was served within the six months. The accident in fact occurred between those two streets, 228 feet from Fremont, and only 96 feet from Benton. The notice was rather indefinite; but, supplemented by the complaint, it must be held sufficient, under the recent decision of the Court of Appeals. Beyer v. City of North Tonawanda, 183 N. Y. 338, 76 N. E. 214.

Another reason for reversal urged is that the verdict, so far as it charged the defendant with negligence in failing to discover the walk was defective and repairing it, was contrary to the evidence. That the board over which the plaintiff fell was loose at the time of the accident may be regarded as sufficiently established by proof of the accident itself, given by the plaintiff and her daughter; but how long, if at all, it had been loose prior to that time, was not satisfactorily shown. The plaintiff spoke of the walk only as she saw it after she fell, and she finally admitted that all she knew about the condition was what her daughter told her. It was dark at the time. The daughter testified the plank was loose and the stringers rotten. She did not look at the place after that for three weeks or so, and she did not see the stringers then, because the board had been replaced. She did not observe any loose plank before the accident. The son gave evidence as to the condition of the walk. He never saw any plank out until after his mother fell, and he said he made no particular examination of the walk before the accident, but noticed the planks were loose and walk would settle as he walked over it. Seven witnesses were sworn for the defendant as to the condition of the walk. Without reciting the same, or any of it, it may be said generally that it showed no such defective condition as to charge the defendant with constructive notice that it was in a defective condition and needed repairs. The defend-

ant was not bound to keep its walks in an absolutely safe condition, but only to use reasonable care in that regard.

We think the evidence, taken all together, failed to establish actionable negligence on the part of the defendant, and that the jury should not have held the defendant liable. All concur; KRUSE, J., on the second ground only.

