## Amanda J. Wikel, Appellee, v. City of Decatur, Appellant.

1. NOTICES—*when notice under act entitled "An Act concerning suits at law for personal injuries against cities, villages and towns," sufficient.* A notice given pursuant to the act above is sufficient as to the description of the place where the accident in question occurred if such description is such as will enable the municipal authorities to ascertain the place in question by the exercise of reasonable diligence and such description may be by reference to particular buildings or to another street or to natural objects.

2. PERSONAL INJURIES—*when municipality liable for, happening upon public street.* If a municipality has assumed the duty of constructing and keeping in repair the sidewalk upon which a party is injured, for a considerable length of time prior to the accident in question, and has treated the same as a public sidewalk, it is liable for damages for an injury resulting from its failure to exercise reasonable care to keep said sidewalk in a reasonably safe condition for travel, irrespective of whether title to the street has been legally acquired by condemnation, grant, prescription or dedication.

Action in case for personal injuries. Appeal from the Circuit Court of Macon county; the Hon. WILLIAM C. JOHNS, Judge, presiding. Heard in this court at the May term, 1908. Affirmed. Opinion filed November 24, 1908.

W. NAY BOGGESS, for appellant.

WHITLEY & FITZGERALD, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

Appellee recovered a verdict and judgment against appellant for $950 as damages for injuries resulting from a fall upon a defective sidewalk.

In its assignment of errors in this court appellant does not question the action of the trial court in over-ruling its motion for a new trial, neither is it assigned for error that the verdict of the jury is not supported by the evidence. In this state of the record we are precluded from considering and determining the question mainly argued by appellant that the verdict of the jury is against the manifest weight of the evidence.

It is urged that the notice given by appellee to appellant as required by section 2 of "An Act concerning suits at law for personal injuries against cities, villages, and towns," in force July 1, 1905, is insufficient in this, that it does not designate the place or location where the injury occurred with reasonable certainty. The notice designates the sidewalk in question as "being situate upon the west side of a certain public street originally laid out and designated as Chisholm street but now commonly known as and called East avenue; said street being between Stone and Stock streets in the said city, and that the place where the said sidewalk was out of repair was at a place where a certain alley intersects said street between the Wabash railroad right of way and East Eldorado street and near the residence of the undersigned Amanda J. Wikel; that her residence is 541 East Avenue, Decatur, Illinois."

The sufficiency of the notice was a question of law for the court and not a question of fact to be submitted to the jury. The objection to the notice urged by counsel for appellant is hypercritical. A description in such notice of the place where the injury occurred is sufficient if it will enable the municipal authorities to

ascertain the place by the exercise of reasonable diligence, and such description may be by reference to particular buildings, or to another street, or to natural objects. 15 Am. & Eng. Ency. of Law (2nd ed.) 485.

Twelve instructions tendered on behalf of appellant were refused by the court. The 1st, 2nd, 3rd, 4th, 8th and 9th of said instructions relate to the duty of appellee to exercise reasonable care for her own safety, and as drafted they infringe the province of the jury and contain inaccurate statements of the law upon that question. The 5th and 6th of said instructions relate to the manner in which a public highway may be established. Appellant having assumed the duty of constructing and keeping in repair the sidewalk upon which appellee was injured, for a considerable length of time prior to the accident and having treated the same as a public sidewalk, it was liable for damages for an injury resulting from its failure to exercise reasonable care to keep said sidewalk in a reasonably safe condition for travel, irrespective of whether title to the street had been legally acquired by condemnation, grant, prescription or dedication. Village of Mansfield v. Moore, 124 Ill. 133. Said 5th and 6th instructions were, therefore, properly refused. The 7th and 10th of said instructions relate to the sufficiency of the notice of appellee's injury which was served upon appellant. As heretofore stated questions relating to the said notice were for the court and not for the jury. The 11th and 12th of said instructions were peremptory in form and were properly refused. There is no reversible error in the record and the judgment is affirmed.

*Affirmed.*