ANTONINA KARCZENSKA, Appellee, vs. THE CITY OF CHI-
CAGO, Appellant.

*Opinion filed April 23, 1909.*

PLEADING—*averment as to the place where a sidewalk injury
occurred—word "near" is a relative term.* Where the declaration
avers that a sidewalk accident occurred on "Elston avenue, near,
to-wit, Webster avenue," and the city does not require a more defi-
nite description before going to trial, proof that the injury occurred
on Elston avenue nearer to either of two other streets than to
Webster avenue is not a fatal variance, where the proof also shows
that Webster avenue is the nearest intersecting thoroughfare and
that the other streets are practically unimproved and used but little,
though shown on the plat of the locality.

APPEAL from the Branch Appellate Court for the First
District;—heard in that court on appeal from the Superior
Court of Cook county; the Hon. HOMER ABBOTT, Judge,
presiding.

EDWARD J. BRUNDAGE, Corporation Counsel, and JOHN
R. CAVERLY, City Attorney, (EDWARD C. FITCH, of coun-
sel,) for appellant.

BRANDT & HOFFMANN, (OSCAR C. MILLER, of coun-
sel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

Appellee recovered a judgment against the appellant for
personal injuries received upon a defective sidewalk. The
city has appealed from a judgment of affirmance by the
Appellate Court.

It is insisted that there is a variance between the dec-
laration and the proof, inasmuch as it is claimed that the
evidence does not show that the accident occurred at the
place described in the declaration. The declaration de-
scribed the place as a "certain public sidewalk on, to-wit,
Elston avenue, near, to-wit, Webster avenue, in said city."

The place where the accident occurred was on the sidewalk on the west side of Elston avenue between 700 and 800 feet north-west of its intersection with Webster avenue. Elston avenue runs north-west and south-east and crosses Webster avenue, which runs east and west. Gloy place is 405 feet north-west of this intersection, and runs at right angles to Elston avenue 255 feet to the next block and stops. It does not cross Elston avenue. From Gloy place it is 425 feet north-west to Benzo street, which also runs at right angles to Elston avenue 503 feet to the Chicago and Northwestern railroad and there stops. It does not cross Elston avenue. The neighborhood is very thinly settled. There are no houses fronting on Gloy place or Benzo street and only two houses between Benzo street and Webster avenue. Gloy place is not improved as a street. Benzo street has only a sidewalk, and they are used as streets very little, if at all. They are shown as streets on the plat of Fullerton's addition to Chicago. The accident to the appellee occurred between Gloy place and Benzo street and nearer to the latter.

It is contended by the plaintiff that the expression "near Webster avenue," as used in the declaration, means nearer to Webster avenue than to any other prominent and equally important object as marking a special point on the highway. If this definition be conceded it does not warrant the claim that the evidence does not show that the place of the injury was nearer Webster avenue than any other prominent and equally important point. It is true that on the plat which was introduced in evidence Gloy place and Benzo street are shown, and from what there appears they may have been prominent and important; but on the ground itself the evidence tends to show that Gloy place was scarcely distinguishable as a street and that Benzo street was little more than a cinder path leading off over the open prairie, while Webster avenue was a thoroughfare leading from Lincoln Park, a mile east of Elston avenue, crossing

the north branch of the Chicago river on a bridge, and, after crossing Elston avenue, passing under the Chicago and Northwestern railroad in a subway and going on still farther west. The evidence shows that going north-west on Elston avenue from Webster avenue no street crosses Elston avenue until Fullerton avenue is reached, and the place of appellee's injury was nearer Webster avenue than Fullerton avenue. In *City of Springfield* v. *Doyle,* 76 Ill. 202, the place of the injury was described as a street of the city known as Jefferson street. It was held that this was sufficiently specific on general demurrer. Here the allegation of the place as being on Elston avenue near Webster avenue is somewhat more specific though perhaps not sufficient on special demurrer. The word "near" is a relative term, which depends for its meaning, in the particular case, upon the surrounding facts and circumstances. The appellant elected to go to trial without requiring a more definite description of the place. The evidence tended to prove the allegation of the declaration, and the court properly overruled the objection of a variance.

The court refused to give the following instruction which was asked by the appellant:

"You are instructed that the defendant, city of Chicago, is not liable for latent or unseen defects in its sidewalks not discoverable by the exercise of ordinary care; and if you believe, from the evidence, that the sidewalk in question was, at the time and place of the alleged accident, in a reasonably safe condition for ordinary travel thereon by persons using such degree of care and caution as reasonably prudent persons would use for their safety under all the circumstances shown by the evidence, so far as was discoverable by the defendant by the use of ordinary care, then you should find the defendant, city of Chicago, not guilty."

The instruction contained a correct statement of the law, but we are of the opinion that other instructions given

at the request of the defendant covered the same ground with sufficient particularity. The first instruction told the jury that the appellant was only bound to use ordinary care to see that its sidewalks were kept in reasonably safe condition, and the second told them that before the appellee could recover they must believe, from a preponderance of the evidence, among other things, that the city failed to exercise reasonable care to have said sidewalk, at the time and place in question, in a reasonably safe condition for ordinary travel thereon by persons using due care and caution for their safety. By these instructions the jury were informed that it was only for a failure to exercise ordinary care that the appellant was liable, and that was the substance of the refused instruction.

The judgment will be affirmed.    *Judgment affirmed.*