# William McComb, Appellee, v. City of Chicago, Appellant.

## Gen. No. 18,434.

1. MUNICIPAL CORPORATIONS, § 1225*—*when notice of claim for injury sufficient.* Written notice of claim for injury required by R. S., 70, § 7, J. & A. ¶ 6190, to be filed in the offices of the city attorney and the city clerk within six months from the date of the injury, *held* sufficiently to designate the place of the accident, where it describes the place "at or near the corner of 39th street and Campbell avenue" and also states that the plaintiff was taken charge of by the police of the city and was brought in a patrol wagon to a certain hospital.

MCSURELY, P. J., dissenting.

2. MUNICIPAL CORPORATIONS, § 1098*—*when evidence sufficient to sustain verdict.* In an action against a city for personal injuries sustained by plaintiff by falling into a hole of frost and snow in a sidewalk, a verdict for plaintiff *held* not against the weight of the evidence.

3. DAMAGES, § 124*—*when verdict for injury to leg not excessive.* Verdict for $3,000 for personal injuries, *held* not excessive where both bones of the right leg were fractured and a portion of one of them protruded through the flesh, and the evidence shows permanent injury in the leg.

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed November 20, 1913.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

WILLIAM H. SEXTON and N. L. PIOTROWSKI, for appellant; JOHN L. FOGLE, of counsel.

JAMES A. RUSSELL, for appellee; WILLIAM H. HOLLY, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of Cook county for three thousand dollars rendered against the City of Chicago in an action for damages for personal injuries received by William McComb, plaintiff below, from a fall on the sidewalk at the southeast corner of 39th street and Campbell avenue, in said City.

According to the testimony of the plaintiff, on January 29, 1910, about 5:30 o'clock in the afternoon, he was walking east on the south side of 39th street and was crossing Campbell avenue over the crosswalk used by pedestrians. Just before reaching the sidewalk on the east side of Campbell avenue, and on the south side of 39th street, he put his left foot on the curbstone and made a step forward with his right foot, when his "heel hit the grade where they had backed the curbstone," and he slid into "a hole of frost and snow," and fell on his right leg, and "the foot went south and the bone came north." It was "dark or dusk" at the time and the wind had blown snow off of the asphalt street onto the sidewalk. Shortly after plaintiff had fallen, two men came to his assistance and they subsequently called a patrol wagon, and plaintiff was taken to the county hospital, where he remained until March 8th following. Both bones of his right leg were fractured and a portion of one of them protruded through the flesh. There was evidence tending to show that he had sustained a permanent injury in his leg which interfered with his performing manual labor as formerly. The evidence as to the condition of the sidewalk where plaintiff fell was conflicting.

The testimony of plaintiff's witnesses tended to show that several months prior to the accident the City had had a new asphalt pavement on 39th street, which was from eighteen to twenty-four inches higher than the former street level; that there was a hole or depression in the cinder sidewalk south of the south curb of 39th street and immediately east of the east curb of Campbell avenue; that this hole or depression was about six feet in length along Campbell avenue and about two feet deep, and that this condition had existed for three or four months prior to the accident. Several witnesses called by the City testified that there was no "hole" in the cinder sidewalk. One of these witnesses, however, testified that "stepping from the street onto the sidewalk there is a slight depression," and another testified that there might have been at the time "a hill or a slope" where one steps off the curb. Several witnesses for the City, including the police officer in charge of the patrol wagon which conveyed plaintiff to the hospital, testified that plaintiff was in an intoxicated condition. Plaintiff, however, testified he had not been drinking that day and in this he was corroborated by the testimony of other witnesses.

It is urged by counsel for the City that the verdict is clearly against the weight of the evidence, and is excessive. In view of the conflict in the testimony on material points we think that the case was one peculiarly within the province of the jury to decide. They saw the witnesses and observed their conduct and demeanor while testifying. We cannot say that the verdict is against the weight of the evidence, nor can we say that the verdict is excessive.

The main point relied upon by counsel for the City as warranting a reversal of the judgment is that the written statement required by the statute (chapter 70, § 7, Hurd's St. J. & A. ¶ 6190) to be filed in the offices of the city attorney and the city clerk, within six months from the date of injury, failed to sufficiently

designate the place of the accident. The statute pro-
vides *inter alia* that said written statement shall give
"the date and about the hour of the accident" and
"the place or location where such accident occurred."
At the trial a written notice, served on the City on
June 16, 1910, was received in evidence over objection,
and counsel for the City moved that plaintiff's suit be
dismissed for want of a sufficient notice, which motion
was denied. The notice is as follows (italics ours):

"CHICAGO, June 15, 1910.
*To the City of Chicago:*
(A Municipal Corporation of Cook County, Illinois.)
You are hereby notified that one William McComb
of No. 4101 Artesian Avenue in the City of Chicago,
County of Cook and State of Illinois, sustained in-
juries to his person by being injured *at or near the
corner* of 39th Street and Campbell Avenue in said
City of Chicago, on, to-wit: the 29th day of January,
A. D. 1910 at about 5:30 P. M., in the afternoon of said
day, *and was taken in charge of by the police of the
City of Chicago and brought in a patrol wagon to the
Cook County Hospital* and was placed in one of the
wards, known as Ward No. 9. The doctor's name is
unknown to said William McComb and on account of
said injuries, he claims damages against the said City
of Chicago.

JAMES A. RUSSELL,
Atty. for William McComb."

It is argued that the statement in the notice that
plaintiff was injured "at or near the corner of 39th
street and Campbell avenue" is not sufficiently definite
because this description of the place applies equally
to the four corners formed by the intersection of the
two streets.

It is well settled by the decisions of our Supreme
Court that the statute is mandatory, and that the giv-
ing of the notice must be alleged and proved and is a
condition precedent to the right to maintain the suit
against the municipality. *Erford v. City of Peoria,*
229 Ill. 546, 553; *Walters v. City of Ottawa,* 240 Ill.

259, 262; *Ouimette v. City of Chicago*, 242 Ill. 501, 506.
In the *Ouimette* case it was decided that a notice giv-
ing the date of the accident as occurring on November
10, 1905, where the uncontradicted proof showed that
it took place on October 10th, was in effect the same as
if no date at all had been given and was insufficient to
permit a recovery by plaintiff.   In the present case
there is no question as to *date* of the accident.   The
proof showed that the accident occurred on the day and
about the hour mentioned in the notice.   The sole ques-
tion is as to whether the *place* of the accident is stated
with sufficient definiteness.   Our attention has not been
called to any decisions of our Supreme Court where
it has been decided what is or what is not a sufficiently
definite notice under the statute as to the place of the
accident, and the decisions of the courts of other states
in cases arising on similar statutes are somewhat con-
flicting.   In *Karczenska v. City of Chicago*, 239 Ill.
483, it was held that where the declaration averred
that a sidewalk accident occurred on "Elston avenue,
*near,* to-wit, Webster avenue," proof that the injury
occurred on Elston avenue, nearer to either of two
other streets than to Webster avenue, was not a fatal
variance.   The Court said (p. 485): "The word
'near' is a relative term, which depends for its mean-
ing, in the particular case, upon the surrounding facts
and circumstances.   The appellant elected to go to trial
without requiring a more definite description of the
place.   The evidence tended to prove the allegation of
the declaration, and the court properly overruled the
objection of a variance."   In *Wikel v. City of Decatur,*
146 Ill. App. 51, where plaintiff recovered a verdict
and judgment against the city for injuries resulting
from a fall upon a defective sidewalk, it was contended
that the notice was insufficient in that it did not desig-
nate the place where the injury occurred with reason-
able certainty.   The notice designated the sidewalk in
question as "being situate upon the west side of a cer-
tain public street originally laid out and designated as

Chisholm street but now commonly known as and called East avenue; said street being between Stone and Stock streets in the said city, and that the place where the said sidewalk was out of repair was at a place where a certain alley intersects said street between the Wabash railroad right of way and East Eldorado street *and near* the residence of the undersigned, Amanda J. Wikel,'' which is No. 541 East avenue in said city. The Appellate Court of the third district held that the sufficiency of the notice was a question of law for the court, that the objection to the notice urged by counsel was ''hypercritical,'' and that a description of the place of the accident ''is sufficient *if it will enable the municipal authorities to ascertain the place by the exercise of reasonable diligence,* and such description may be by reference to particular buildings, or to another street, or to natural objects. 15 Am. & Eng. Encyc. of Law (2nd Ed.) 485.'' In 28 Cyc. 1454, it is said: ''A *reasonable* or *substantial* compliance with the terms of the statute is all that is required; and where an effort to comply with such requirements has been made and the notice, statement or presentation when *reasonably construed* is such as to accomplish the object of the statute, it should be regarded as sufficient. In accordance with this principle, such notice or presentation is to be construed with liberality.'' In Thompson on Negligence (vol. 5, sec. 6330) it is said: ''It is manifestly sufficient if, in such a notice, the *place* where the accident took place is described so as to identify it with *reasonable certainty,* and so that the proper investigating officer can find it *from the description, aided by a reasonable inquiry,* and that it is not calculated to mislead.'' In *Ellis v. City of Seattle,* 47 Wash. 578, it was stated in the notice that the accident was caused by the front wheels of plaintiff's wagon going into a hole 'on the *west* side of Westlake avenue, *on and near* the west trackage of the Seattle Electric Company and *near* No. 228 Westlake avenue'' in said city of Seattle. On the trial

it was ascertained that the accident occurred on the *east* side of the street, instead of the west side, and that the building known as No. 228 Westlake avenue was on the *east* side of the street. The trial court dismissed plaintiff's suit on the ground that the notice was not reasonably sufficient to notify the city authorities of the place of the accident. The Supreme Court reversed and remanded the case, saying: "This court has uniformly placed a liberal construction upon the requirements of such notice, holding that the notice has a common-sense object, viz., to apprise the officers of the municipality of the location, so that it might be examined with a view to preparing a defense to the action if it was thought a defense should be made; that if it directs the attention of said officers with reasonable certainty to the place of the accident, the requirements of the notice have been met; and that it was not intended that the terms of the notice should be used as a stumbling block or pitfall to prevent recovery by meritorious claimants."

In *Buchmeier v. City of Davenport*, 138 Iowa 623, it appears that the motion for a directed verdict in favor of the city was sustained on the ground that the notice did not sufficiently describe the "place where the injury occurred" as required by the statute. The notice stated that plaintiff was injured (on a date named) "by falling *on a crossing at Ninth and Warren streets,* in the said city, the said crossing being at the time, very icy and in a dangerous condition." The Supreme Court, in reversing the judgment, said: "A notice which in fact points out the place of the accident with sufficient definiteness to reasonably enable the officers of the city to investigate the conditions under which it is alleged to have happened sufficiently complies with the purpose of the statute.   *   *   *   On the face of it the notice is somewhat ambiguous, as it does not indicate whether the accident occurred while plaintiff was on one of four sidewalk crossings which might have existed at the intersection of said streets. But

it does not appear that there were four sidewalk cross-
ings, and it has frequently been held that the sufficiency
of the notice must be determined in view of the circum-
stances." (Citing cases.)

In the present case the proof showed that the acci-
dent happened on the cinder sidewalk at the southeast
corner of the two streets; that the witness Matthews
saw plaintiff lying there and with the assistance of
another man picked him up and leaned him against a
nearby tree until the patrol wagon came; that two
police officers of the City on said wagon found him at
said southeast corner and conveyed him to the hos-
pital; and that one of said officers, in accordance with
his duties, shortly thereafter made a report of the acci-
dent to the City. One of the City's witnesses, Nulty,
who was in the grocery business at the northwest cor-
ner of the two streets, testified that *at the time of the
accident* there was a cement sidewalk "on all corners
with the exception of the intersection of the southeast
corner," where there "was a cinder walk, it was filled
in with cinders or stuff taken off the streets." The
written notice given to the City in the present case, in
addition to describing the place of the accident as "at
or near the corner" of the two streets, stated that
plaintiff "was taken charge of by the police of the City
of Chicago and brought in a patrol wagon to the Cook
County Hospital."

In *Sargent v. City of Lynn,* 138 Mass. 599, the place
of the accident was stated in the notice to be "*at the
corner* of Washington and Oxford streets." It was
further stated that plaintiff was injured "in conse-
quence of the defective condition of the sidewalk *at
said point,* the concrete having been taken up part of
the way and the remainder left, which stood up above
the other part of the walk." At the trial the lower
court ruled that the notice was insufficient and entered
judgment for the city. In reversing the case the Su-
preme Court *held* that the omission to mention the
particular corner did not render the notice invalid, for

the reason that the minute description of the nature of the defect contained in the notice was an aid to the city in locating the place of the accident.

In *Carr v. Ashland,* 62 N. H. 665, 669, it is said: "If the statement so designates the place that the officers of the town, being men of common understanding and intelligence, can, by the exercise of reasonable diligence, and without other information *from the plaintiff,* find the exact place where it is claimed the damage was received, it is in this respect sufficient because it fully answers the purpose of the statute."

Other cases may with propriety here be cited, viz: *Connor v. Salt Lake City,* 28 Utah 248, 260; *City and County of Denver v. Perkins,* 50 Colo. 159; *Fuller v. Inhabitants of Hyde Park,* 162 Mass. 51; *Hutchings v. Inhabitants of Sullivan,* 90 Me. 131, 138; *City of Lincoln v. O'Brien,* 56 Neb. 761, 770; *Brown v. Town of Southbury,* 53 Conn. 212.

In view of all of the facts stated in the notice to the City in this case, and under the circumstances, we think that the proper officials of the City could from this notice, by the exercise of reasonable diligence, have ascertained at which of the four corners the accident occurred, and, under the prevailing current of the authorities, we are of the opinion that the notice was not so insufficient in the designation of the place of the accident as to warrant a dismissal of plaintiff's action.

The statute of this State does not require that the notice to the municipality should state the cause of the injury and the nature thereof, as is required by the statutes of some States, and we are not unaware of certain cases, decided by the courts of appeal of those other States, which at first blush seem to have construed the requirements of those statutes as to the designation of the place more strictly in favor of the municipality, but on careful examination of some of those cases it will be seen that other deficiencies in the notice than that of the designation of the place were

deemed of controlling importance. Among these cases may be mentioned *Benson v. City of Madison,* 101 Wis. 312; *Barribeau v. City of Detroit,* 147 Mich. 119, and *Lee v. Village of Greenwich,* 48 App. Div. (N. Y.) 391. In the *Benson* case *supra,* the notice, in addition to describing the alleged defect in the crosswalk, stated its location to be "on the south side of State street at the intersection of State and Fairchild street," and the Court held that the notice was insufficient. The Court said on page 317 (italics ours): "This court has been very liberal in upholding such notices *where it was evident that the municipal authorities had not been deceived or misled thereby.* (Citing cases.) But there is a limit beyond which we cannot pass. The notice in this case is most vague, uncertain, and indefinite, *when applied to the facts proven on the trial and found by the jury.* * * * This description of the location *might have been sufficient* if the remainder of the notice had described the insufficiency in such terms as to enable the city authorities to determine on which side of Fairchild street it was to be found." In the *Barribeau* case, *supra,* the notice, in addition to describing the nature of plaintiff's injury, stated that she "was injured by falling on a defective and improperly constructed sidewalk at corner of Howard and Twenty-first streets." It will be seen that in this notice the plaintiff did not state wherein the sidewalk was defective or improperly constructed. At the trial, objection was made to the sufficiency of the notice on this ground, and, also, on the ground that the place where the injury occurred was not located with sufficient certainty, and the trial court sustained the objection and directed a verdict for the City. On appeal this action was affirmed, the Court saying (147 Mich. p. 125, italics ours): "In determining the sufficiency of the notice, excepting perhaps as to the time of the injury, *the whole notice and all of the facts stated therein may be used and be considered to determine whether it reasonably apprises* the officer upon whom

it is required to be served of the place *and* the cause of the alleged injury. The nature of the defect stated may aid in locating the place, and the place may be stated with such particularity that a very general statement of the defect (cause of the injury) may be aided. But to be legally sufficient, a notice must contain a description of the place of the accident so definite as to enable the interested parties to identify it from the notice itself.   *   *   *   When parol evidence is required to determine *both* the place *and* the nature of the defect, a reasonable notice has not been given to the city." In the *Lee* case, *supra* (48 App. Div. 391), the notice given by plaintiff to the village stated the *time* of the injury to be "on or about March 6, 1897," and the *place* of the injury as "on the street popularly known as 'Barber avenue' in said village," which street, the proof showed, was over a quarter of a mile long, and had a sidewalk all the way on one side of the street and part of the way on the other side. The notice stated the nature of the defect in the sidewalk in most general terms, viz: "that because of ice made to form, accumulate, and continue upon the sidewalk of said street through the negligence   *   *   *   of said corporation, so that the same became dangerous," plaintiff was injured, etc. The lower court sustained a motion to dismiss the suit because of the insufficiency of the notice, and this ruling was sustained on appeal on the ground, not only that the *place* of the accident was not stated with sufficient definiteness, but also that the *time* and *nature of the defect* was not sufficiently stated. In *Murphy v. Village of Seneca Falls,* 57 App. Div. (N. Y.) 438, that portion of the decision in the *Lee* case as to the *place* of the accident mentioned in the notice was distinguished. In said *Murphy* case the statement in the notice as to the *place* was "on the west side of Bridge street, in said village, between William street and Haigh street, and in front of *or near* the premises owned and occupied by James Gilmore," and this was held to be sufficient, taken in connection with the further allegations of the statement

as to the *time* and *circumstances* attending the accident. See also *Werner v. City of Rochester,* 77 Hun (N. Y.) 33, affirmed, 149 N. Y. 563; *Beyer v. City of North Tonawanda,* 183 N. Y. 338; *Romanowski v. City of Tonawanda,* 127 App. Div. (N. Y.) 814.

But counsel for the City contend that the case of *Reichert v. City of Chicago,* 169 Ill. App. 493, decided by branch "B" of the Appellate Court for the first district, is decisive of the point here raised. In that case, upon the trial the city objected to the notice because it did not sufficiently state the place of the accident. The trial court sustained the objection and entered judgment for the city, which judgment was affirmed. The notice stated that Reichert "was injured by a defective street lamp of the said city * * * *at and near* the intersection of La Salle street with Madison street, in the said city of Chicago." The Court in its opinion seemingly based its decision largely on the *Benson, Barribeau* and *Lee* cases above referred to. Furthermore, we think that the other facts stated in the notice in the present case as above mentioned, in addition to the statement that the place of the accident was "at or near the corner of 39th street and Campbell avenue," distinguished the *Reichert* case *supra,* from the present case.

The judgment of the Circuit Court is affirmed.

*Affirmed.*

Dissenting opinion by Mr. Presiding Justice McSurely: I am of the opinion that the notice which was given to the City does not comply with the statute requiring such a notice to give "the place or location where such an accident occurred;" to say merely that the accident occurred "at or near the corner" of two intersecting streets neither indicates which of the four corners nor whether the accident occurred on the sidewalk, on the street or from a falling object erected in or suspended over the sidewalk or street, and therefore, fails to meet the requirement of the statute. I must respectfully dissent from the majority opinion.