## MURPHY v. VILLAGE OF SENECA FALLS.

(Supreme Court, Appellate Division, Fourth Department. January 8, 1901.)

1. MUNICIPAL CORPORATIONS—OBSTRUCTIONS IN STREETS—ACTIONS FOR DAMAGES —NOTICE.

General Village Law (Act July 1, 1897) c. 414, § 322, provides that no action shall be maintained against a village for damages for a personal injury unless a written statement of the nature of the claim, and of the time and place at which such injury is alleged to have been received, shall have been filed with the village clerk within six months after the cause of action has accrued. *Held*, in an action against a village to recover for an injury sustained by an obstruction in a street, that a statement to the village, informing it of the cause of the accident; that it occurred "on or about April 10, 1897"; and that the place where it occurred was on the west side of a certain street in the village, between two designated streets, and in front of or near the premises of a certain resident,—was sufficient.

2. SAME—NEGLIGENCE—QUESTION FOR JURY.

Where a traveler was injured by his vehicle striking a timber which had been permitted to remain in the street for several months, during which time some of the village trustees had an opportunity to see it nearly every day, whether the village's omission to remove the obstruction was negligence was for the jury, and hence the direction of a nonsuit was improper.

McLennan, J., dissenting.

Action by Alfred Murphy against the village of Seneca Falls for injuries received from an obstruction in a street. Heard on motion for a new trial on exceptions ordered to be heard in the first instance in the appellate division, after trial and nonsuit by the county court. Exceptions sustained and motion granted.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WIL-LIAMS, and LAUGHLIN, JJ.

J. N. Hammond, for plaintiff.
Richard G. Miller, for defendant.

ADAMS, P. J.   The plaintiff, while driving his mare in front of a two-wheeled road cart along Bridge street, in the village of Seneca Falls, on the afternoon of Saturday, April 10, 1897, caught one wheel of his cart on a stick of timber which projected from the side of the street, in consequence of which the cart was overturned, and the plaintiff was thrown to the ground with such force as to fracture one of his legs.   For the injury thus caused this action is brought.   The timber with which the plaintiff's cart came in contact was some six or eight feet in length, four inches in width, and eight or ten inches in thickness.   The evidence tends to show that originally it formed some part of a sidewalk in front of premises owned or occupied by one John Clary, upon Bridge street; that in September, 1896, the sidewalk was removed, and replaced by a new one; and that this timber then in some manner found its way upon the lawn or grass plot in front of the residence of an adjoining owner, by the name of Gilmore, where it was permitted to remain from about the 1st of September, 1896, until the time of the accident.   At the close of the plaintiff's case a nonsuit was granted, with directions that the plaintiff's exceptions and motion for a new trial be heard by this court in the first instance.

It is apparent that the nonsuit was directed by the learned trial justice upon the assumption that there was not sufficient evidence of the defendant's negligence to present an issue of fact for the jury; and this, undoubtedly, is the principal question with which this court now has to deal.   It is contended, however, by the defendant's counsel that, even conceding that negligence is established upon the part of the defendant, the plaintiff ought not to recover, by reason of his failure to serve and file the statutory statement of the nature of his claim, and of the time when and place where his injuries are alleged to have been received; and this question will therefore be first considered.   Whatever cause of action the plaintiff may have arose out of the occurrence of the accident, which, as already stated, was upon the 10th day of April, 1897.   At this time section 9 of title 3 of chapter 291 of the Laws of 1870, as amended by chapter 440 of the Laws of 1889, was in force, which simply provided that no action should be maintained against a village for damages for personal injuries unless the same shall be commenced within two years after the cause of action therefor shall have accrued, "nor unless the claim shall have been presented, and notice of the time and place at which such injuries were received shall have been filed with the village clerk or duly presented to the board of trustees within one year after such cause of action shall have accrued." This section was again amended in 1897, and as thus amended it was incorporated into section 322 of chapter 414 of the Laws of that year, which chapter constitutes what is known as the "General

Village Law." This act went into effect on the 1st day of July, 1897, and provided that "no action shall be maintained against the village for damages for a personal injury   *   *   *   unless a written, verified statement of the nature of the claim and of the time and place at which such injury is alleged to have been received shall have been filed with the village clerk, within six months after the cause of action shall have accrued." The plaintiff did not file his statement until the 10th day of September, 1897, or some 10 weeks after the amended law went into effect; and it is claimed that by reason thereof the statement should comply with the requirements of the statute as it existed at the time of filing, and not at the time the accident occurred. Assuming this contention to be well founded, without in fact so determining, we are of the opinion that, giving to the statute a reasonable construction, the time and place, as well as the circumstances attending the plaintiff's accident, were stated to the defendant with sufficient definiteness to answer its requirements, for the defendant was thereby informed of the cause of the accident; that it occurred "on or about April 10, 1897"; and "that the place where it occurred was on the west side of Bridge street, in said village, between William street and Haigh street, and in front of or near the premises owned or occupied by James Gilmore." Werner v. City of Rochester, 77 Hun, 33, 28 N. Y. Supp. 226, affirmed in 149 N. Y. 563, 44 N. E. 300. It is true that in the case of Lee v. Village of Greenwich, 48 App. Div. 391, 63 N. Y. Supp. 160, it was held that a notice quite similar in some respects to the one now under consideration did not answer the requirements of the statute; but the obstruction in that case was caused by the formation of ice upon a sidewalk which was more than a quarter of a mile in length, and there was nothing in the notice which pretended to locate such obstruction any more specifically than to state that it was somewhere within the limits of this walk.

As regards the defendant's main contention, we are of the opinion that, upon the entire evidence, it was for the jury to say whether or not the omission of the defendant to remove the obstruction caused by this stick of timber constituted actionable negligence. That the timber was permitted to remain in front of the Gilmore premises for some seven or eight months is not denied. That at least two of the defendant's trustees had ample opportunity to see it nearly every day during that period of time is clearly proven, and that the obstruction was one which, to say the least, was liable to interfere with and obstruct public travel upon the street, was demonstrated by the accident which befell the plaintiff. It would seem, therefore, that upon the trial every element which tends to constitute negligence in a municipal corporation was in some measure present, and sufficiently so to require the intervention of the jury.

It is asserted that the nonsuit in this case was granted and can be sustained upon the authority of the rule laid down in Dougherty v. Trustees, 159 N. Y. 154, 53 N. E. 799, where it was held that the placing of a stone at the end of a grass plot in an uncurbed village street, between the sidewalk and the street driveway, and at the

edge of a private driveway, to protect the grass plot and a tree thereon, did not render the municipal corporation liable for a personal injury caused by the collision of a vehicle with the stone, even when the stone was covered with snow. We fail, however, to see any analogy between the facts of that case and the one we are considering. In the case cited the stone was designed for the protection of a grass plot and the trees growing thereon, and the court held that, inasmuch as grass plots and shade trees are consistent with the objects for which streets are made, the village officials were justified in permitting the stone in question to remain where it was placed, and to be used for the purpose for which it was intended. Here, however, there is no pretense that the timber was placed in front of the Gilmore premises to serve any such purpose. It was discovered lying upon a grass plot between the sidewalk and driveway, it is true; but why it was placed there, and for what purpose, if any, it was so placed, do not appear. As described by one of the plaintiff's witnesses:

"Sometimes it would be on his [Gilmore's] lawn, and, again, out in the road. * * * Sometimes I saw it entirely in the driving part of the street, with one end on the grass. At other times I saw it on his lawn. Part of the time it lay with one end only on the grass and the other end on the lawn."

In short, the evidence as it now stands would warrant the conclusion that this stick of timber had been carried to and dropped in front of the Gilmore premises accidentally, and certainly without any particular object in view, and that it was simply permitted to remain there until it caused the injury of which the plaintiff complains. Assuming this to be the case, we do not see why, within well-settled rules, it did not constitute an obstruction of which the defendant was bound to take some notice. Pickett v. Town of West Monroe, 47 App. Div. 629, 63 N. Y. Supp. 30; Fisher v. City of Mount Vernon, 41 App. Div. 293, 58 N. Y. Supp. 499; Embler v. Town of Wallkill, 57 Hun, 384, 10 N. Y. Supp. 797, affirmed in 132 N. Y. 222, 30 N. E. 404; Arey v. City of Newton, 148 Mass. 598, 20 N. E. 327. It may be conceded that a stick of timber of the size of the one in question does not constitute the most dangerous obstruction to a public street which can be imagined, and especially where, as in this case, it was not at all times lying within the traveled portion of the street. But, generally speaking, in cases of this character the question as to whether or not a particular obstruction is dangerous in its character is one of degree; and we hardly think that in the present instance the obstruction was so slight as to bring the case within the principle declared in Beltz v. City of Yonkers, 148 N. Y. 67, 42 N. E. 401. Our conclusion of the whole matter, therefore, is that the plaintiff's exceptions should be sustained, and his motion for a new trial granted.

Plaintiff's exceptions sustained, and motion for a new trial granted, with costs to the plaintiff to abide event. All concur, except McLENNAN, J., who dissents.