# Reuben B. Edmunds, Appellant, v. City of Chicago, Appellee.

## Gen. No. 22,578.

1. MUNICIPAL CORPORATIONS, § 1233*—*what is necessary averment in declaration against city for personal injuries.* A cause of action against a city in a personal injury case is not well stated unless the declaration affirmatively shows that the notice required by Hurd's Rev. St. ch. 70, sec. 7 (J. & A. ¶ 6190), was served upon the city, except in a statement of claim in a fourth-class action under the Municipal Court Act.

2. PLEADING, § 34*—*when averment of giving notice in declaration by reference to exhibit is not permissible.* Where service of a notice upon the defendant is required in the statement of a cause of action at law against him, an averment of the giving of the notice by reference in the declaration to an exhibit attached thereto is not permissible either under common-law pleadings or by virtue of any statute of the State of Illinois, and is without any force or effect.

3. PLEADING, § 34*—*how service of notice on defendant should be set out.* Where service of notice upon the defendant is required in the statement of a cause of action at law against him, such notice should be set out either in its terms or in its tenor and legal effect.

4. LIMITATION OF ACTION, § 64*—*what constitutes statement of new cause of action.* A declaration in an action against a city in a personal injury case which omits an averment of service of the statutory notice within the statutory time states no cause of action, and an amendment after the statutory period of limitation of actions setting up such notice constitutes a statement of a new cause of action.

5. PLEADING, § 223*—*what is effect of abiding by demurrer.* Where the defendant was granted leave to withdraw a plea of general issue and to file a demurrer, which was sustained, and plaintiff was granted leave to amend his declaration, to which amended declaration the defendant filed a plea of the statute of limitations, and, upon the overruling of the plaintiff's demurrer to such plea, the plaintiff elected to stand by his demurrer, *held* that plaintiff waived the right to challenge whatever erroneous exercise of judicial discretion there may have been in allowing the defend-

*See **Illinois Notes Digest**, Vols. **XI** to **XV**, and **Cumulative Quarterly**, same topic and section number.

ant to withdraw his plea of the general issue and to file demurrer to the original declaration.

Appeal from the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed February 5, 1917.

JAMES C. McSHANE, for appellant.

SAMUEL A. ETTELSON and CHARLES R. FRANCIS, for appellee; ROBERT H. FARRELL and HENRY T. CHACE, JR., of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an action for personal injury. The merits of the case are not involved. The questions in dispute relate to the pleadings only.

The action was originally commenced against the City and two others, but at the time of the entry of the judgment appealed from the City was the only defendant. The action was commenced February 25, 1914. The original declaration was filed April 24, 1914. On May 5, 1914, the City filed its plea of the general issue. On March 21, 1916, when the case was called for trial, leave was granted defendant to withdraw its plea and to file a demurrer in its place, which it did, and the demurrer being sustained, plaintiff then, by leave of court, filed an amended declaration, to which defendant filed a plea of the general issue and also a plea of the statute of limitations. To the plea of the statute of limitations plaintiff filed a demurrer, which the court overruled and, plaintiff electing to stand by his demurrer, judgment upon the limitation plea was entered in favor of defendant and against plaintiff for costs.

In actions of this nature against municipalities, section 7, ch. 70, Hurd's Rev. St. 1915-16 edition is material (J. & A. ¶ 6190). It reads:

"Any person who is about to bring any action or suit at law in any court against any incorporated city * * * for damages on account of any personal injury shall, within six months from the date of injury, or when the cause of action accrued, either by himself, agent or attorney, file in the office of the city attorney * * * and also in the office of the city clerk a statement in writing signed by such person, his agent or attorney, giving the name of the person to whom such cause of action has accrued, the name and residence of person injured, the date and about the hour of the accident, the place or location where such accident occurred and the name and address of the attending physician (if any)."

In the original declaration the following averment was made:

"And plaintiff further alleges that after he sustained his said injuries as aforesaid, that is to say on January 27, A. D. 1914, he, through his attorney, served upon the city attorney and city clerk of the City of Chicago and filed in the office of the said city attorney and said city clerk a notice or statement, copy of which is hereto attached and marked Exhibit A and is hereby made a part of this declaration."

In the amended declaration the notice is set forth by proper averment *in haec verba*. It is contended, and the learned trial judge acted upon the theory in overruling the demurrer to the defendant's plea of the statute of limitations, that the original declaration did not state a cause of action and that the amended declaration, which sufficiently set forth the giving of the statutory notice, stated a new cause of action, which is barred by the statute of limitations.

It is settled in *Walters v. City of Ottawa*, 240 Ill. 259, that a cause of action is not well stated against a city in a personal injury case unless the declaration affirmatively shows that the notice required by the statute was served upon the city; and in *Erford v. City of Peoria*, 229 ibid. 546, in passing upon this precise question, the court said:

"Statutes of this character are mandatory, and the giving of the notice is a condition precedent to the right to bring such suit, and the giving of the notice must be averred and proved by the plaintiff to avoid a dismissal of his suit."

Did the original declaration show that the statutory notice was served upon the City? This is the crucial and determining factor.

The method adopted by the pleader in averring the giving of notice by reference to an exhibit attached to the declaration was abortive for that purpose. While such practice is common in equity, it is not permissible under common-law pleadings or in virtue of any statute of this State. *Jones v. City of Chicago,* 167 Ill. App. 175.

We appreciate the point ably argued by plaintiff that to sustain the judgment of the trial court we must, logically, hold to the ruling in *Walters v. City of Ottawa, supra,* that the original declaration did not state a cause of action. The attempt to set forth the alleged notice to the city by reference to an exhibit attached to the declaration was meaningless and without any force or effect in a common-law pleading. It must be treated as surplusage and as serving no purpose as a pleading. Were we able to extract from the words used an averment of the giving of the statutory notice, another question might arise. The document claimed to have been served is referred to as "a notice or statement." A notice or statement of what? The words used give no indication of what the statement or notice in fact was. We are not permitted to surmise or guess what it was. If the fact cannot be ascertained from the language used, then it is of no import. To be of service the notice should be set out either in its terms or in its tenor and legal effect.

The rule that a pleading must be taken most strongly against the pleader is the canon of interpretation in the instant case. This rule applied to the aver-

ment of notice renders that averment unintelligible and of no meaning. It is not even equivocal or susceptible of a dual meaning. Standing alone as it must, and without reference to the exhibit referred to, which we are not allowed to inspect, the words are without import. The original declaration, lacking an averment of service of the statutory notice within the statutory time, states no cause of action—not a cause of action imperfectly stated as argued by plaintiff, but states no cause of action. If a cause of action had been imperfectly stated, then the amended declaration would have been a sufficient curative. Failing this, it follows that the amended declaration states a new cause of action, which is barred by the statute of limitations. As defendant invoked the limitation statute as a defense in bar, it was entitled to the judgment of the court in its favor.

The question of the propriety of the court's action in allowing defendant to withdraw its plea of the general issue and interpose a demurrer to the original declaration is not preserved for review. The demurrer to the original declaration was sustained, and plaintiff asked and obtained leave to file an amended declaration. It is the amended declaration, filed by leave so obtained by plaintiff, to which defendant filed its plea of the statute of limitations, the demurrer of plaintiff to which was overruled and, plaintiff electing to stand by his demurrer, the judgment now being reviewed was entered. In this state of the pleadings, plaintiff waived the right to challenge whatever erroneous exercise of judicial discretion there may have been in allowing defendant to withdraw its plea of the general issue and substitute its demurrer to the original declaration.

The Supreme Court in its wisdom has seen fit in *Enberg v. City of Chicago,* 271 Ill. 404, to lay down a different rule concerning the necessity of setting forth

the statutory notice in a statement of claim for personal injuries against a city in a fourth-class action in the Municipal Court. The distinction is clearly based upon a construction of the Municipal Court Act, and the holding by the court that the statement of claim in a tort action in the Municipal Court does not arise to the dignity of a common-law declaration, requiring all the material or ultimate facts of a case to be stated or pleaded. The doctrine of *Walters v. City of Ottawa, supra,* is not only not departed from but confirmed, although it is distinguished as not being pertinent to the Municipal Court practice nor analogous to pleadings in that court which are founded and controlled by different principles and legislative acts than those of the common-law courts of the State.

The judgment of the Superior Court is supported by the record, and is affirmed.

*Affirmed.*