# CHARLESTON.

W. C. AGEE *v.* THE VIRGINIAN RAILWAY Co. *et al.*
(No. 5153.)

Submitted January 27, 1925.   Decided February 3, 1925.

1. RAILROADS—*Action for Damages Sustained During Federal Control Must Be Instituted Against Agent Designated by President.*

An action brought after the return of the railroad to its owners for damages sustained during federal control should

be instituted against the agent designated by the President according to the Transportation Act of 1920, Sec. 206, 41 Stat. L. 461. (p. 114).

(Railroads, 33 Cyc. p. 45.)

2. Same—*Amendment Substituting Federal Agent Not Made Within Time Prescribed by Transportation Act, Held Barred.*

Where in an action for damages sustained through the negligence of a railroad company, during the period that it was under the control of the government, the action was improperly brought against the railroad company instead of against the agent designated by the President to defend the action after the government had released the control to the owners, an amendment to the complaint substituting the agent of the government for the railroad company, even if proper, if not made within two years after the passage of the Transportation Act of 1920, 41 Stat. L. 461, the action is. barred.  (p. 114).

(Railroads, 33 Cyc. p. 45.)

(Note: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Hatcher, Judge, absent.

Error to Circuit Court, Raleigh County.

Action by W. C. Agee against the Virginian Railway Company and another.  Judgment for plaintiff, and defendants bring error.

*Reversed.*

*Brown, Jackson & Knight, Williams, Loyal & Tunstall, McGinnis & McGinnis, Walter C. Plunkett,* and *Martin & Wingfield,* for plaintiffs in error.

*Kyle D. Harper,* for defendant in error.

Woods, Judge:

W. C. Agee instituted an action before a Justice of the Peace of Raleigh County on November 24, 1921, against The Virginian Railway Company, a corporation, to recover damages for the killing of one horse on July 4, 1918, of the value of $200.00.  On hearing judgment was rendered in favor of the plaintiff for $200.00.  The defendant corporation thereupon appealed to the Circuit Court of said county.  On May 15th, 1922, on motion of the plaintiff, a non suit was taken and the case dismissed.  No further action was taken in the case until the December 1922 term of said Circuit Court,

when the plaintiff moved the Court to set aside the non suit so taken and reinstate the case on the docket. This motion was denied at this time for the reason that the plaintiff had not given the notice to the defendant, required by the statute, that the Court would be asked to reinstate the case. Between this time and the following February term of the Circuit Court the plaintiff caused the statutory notice to be served upon the defendant corporation, and on his motion on February 23, 1923, the order of non suit was set aside and the case reinstated. At the next regular term, to-wit, on May 28, 1923, on motion of the plaintiff, the original summons was amended so as to read ''The Virginian Railway Company, agent designated by the President of the United States of America, under the authority vested in him by Sec. 206 of the Transportation Act, 1920, for the conduct of litigation arising out of operation during Federal control of the said Virginian Railway Company, defendant,'' instead of ''The Virginian Railway Company, a corporation.'' Thereupon the Virginian Railway Company, a corporation, was dismissed from the suit. The case came on again to be heard on February 18, 1924, when James C. Davis appeared specially and moved the Court to quash the writ upon the ground that the writ ran against the Virginian Railway Company, as agent under the Transportation Act, instead of against James C. Davis, as such agent. The motion was overruled. Thereupon the said James C. Davis, by counsel, moved the Court to dismiss the case on the ground that it appeared from the record thereof that this suit was not brought against the Virginian Railway Company, as agent, designated by the President under the Transportation Act of 1920, until the 28th day of May, 1923, more than two years subsequent to February 28, 1920. This motion was overruled, and an exception taken thereto. Whereupon the said James C. Davis, agent, etc., by counsel, for plea in this behalf says that this suit was not brought within two years from February 28th, 1920, and for further plea says he is not guilty of the trespass set out in the summons, and issue was thereon joined. On February 25, 1924, a trial was had before a jury which returned a verdict for $200.00 against

the Virginian Railway Company, agent, etc., as aforesaid, and judgment entered upon said verdict. From this judgment the defendants, The Virginian Railway Company and James C. Davis, agent, etc., appealed to this Court.

The first assignment of error made by the plaintiffs in error, hereafter called defendants, was that the Court erred in allowing the plaintiff to amend the summons at the May, 1923, term so as to change the defendant named in said summons to "The Virginian Railway Company, a corporation, agent designated by the President of the United States of America under the authority vested in him by Sec. 206 of the Transportation Act of 1920 for the conduct of litigation arising out of operation during Federal control," instead of against "The Virginian Railway Company, a corporation," as the summons originally read. In arriving at a correct conclusion of the question here raised it will be necessary to determine the status of railroads operated under the Federal Control Act. This act is one of the several war measures enacted in aid of the National Defense, and the operation of the railroads taken over by the President to that end, and to protect the Government from interference with the operation, control and management thereof. So on the 28th day of December, 1917, the President of the United States, under the authority conferred upon him, took over the railroad systems of the United States, including that of The Virginian Railway Company, and operated the same. And during the period of said federal control The Virginian Railway Company was not liable for injuries occurring in the operation of said road. *Missouri Pacific R. Co.* v. *Ault*, 265 U. S. 554, 41 Sup. Ct. 593, 65 L. Ed. 1087.

On October 25, 1918, the Director General of Railroads, by General Order 50, required, among other things, that all actions at law, based on causes of action after December 31, 1917, arising out of government control, be brought against the Director General by name. This order was held to be valid. *Missouri Pacific R. Co.* v. *Ault, supra.*

The government, in taking possession and control of the railroads, provided procedure to regulate the bringing of suits. This it had a right to do, for in the absence of such

permissive procedure, the sovereign power exercised would have prevented redress to the injured. The Transportation Act of February 28, 1920, ended Federal Control March 1, 1920. 41 U. S. Stat. L. 461. The provisions of the Transportation Act aforesaid, with which we are here concerned, are as follows:

"Sec. 206. (a) Actions at law, suits in equity and proceedings in admiralty, based on causes of action arising out of the possession, use, or operation by the President of the railroad or system of transportation of any carrier (under the provisions of the Federal Control Act, or of the Act of August, 29, 1916) of such character as prior to federal control could have been brought against such carrier, may, after the termination of federal control, be brought against an agent designated by the President for such purpose, which agent shall be designated by the President within thirty days after the passage of this act. Such actions, suits, or proceedings may, within the periods of limitation now prescribed by state or federal statutes but not later than two years from the date of the passage of this act, be brought in any court which but for federal control would have had jurisdiction of the cause of action had it arisen against such carrier."

Paragraph (d) of this same section provides, "Actions, suits, proceedings, and reparation claims, of the character above described pending at the termination of federal control shall not abate by reason of such termination, but may be prosecuted to final judgment, substituting the agent designated by the President."

In surrendering government control as aforesaid, the procedure regulating pending suits and future suits arising out of government control is fixed. In *Keegan* v. *Director General of Railroads*, 243 Mass 96, 137 N. E. 341, the rule was stated: "The federal government, being thus in complete control of the railroad, could not be impleaded in any court of this country except to the extent and upon the terms to which it has consented." *Louisiana* v. *McAdoo*, 234 U. S. 627, 34 Sup. Ct. 938, 58 L. Ed. 1506; *Wells* v. *Roper*, 246 U. S. 335, 38 Sup. Ct. 317, 62 L. Ed. 755. Thus it will be seen that in all suits pending March 1, 1920, the agent des-

ignated in Sec. 206, Transportation Act, 1920, was to be substituted for the Director General, while suits thereafter instituted could be brought only against such agent, and not otherwise. The instant suit was brought after the passage of the Transportation Act, to-wit, on November 24, 1921, and the procedure must be regulated according to its provisions.

Instead of bringing his suit against the agent designated by the President, plaintiff brought his suit against the railway company as a corporation, contrary to the provision of the Transportation Act, by which the President had designated John Barton Payne as the agent to be sued on all causes of action arising during the time of the federal control of railroads, including the railroad against which this suit was brought. This suit should have been commenced against him at the time it was filed. *Davis* v. *Donavan,* 265 U. S. 257, 44 Supreme Court Rep. 513, 68 L. Ed. 1008; *Davis* v. *Griffith & Alexander* (Okla.), 229 Pac. 499.

It was not until this case had been appealed to the Circuit Court, and the plaintiff had suffered a voluntary non suit, that he made any attempt to amend his summons to conform to the provisions of the Transportation Act. This amendment was made in the Circuit Court on May 28, 1923, over a year since the two-year limitation had expired, for the bringing of all suits arising out of federal control. This is the amendment that counsel for defendants contend that the trial court had no authority to allow, on the ground that the amendment in fact substituted a new party, against whom there was alleged to be a cause of action, in the place of an original defendant, against whom there was no cause of action; that this was in effect the bringing of a new action after the expiration of the time allowed by the federal statute for the institution of such actions. On the contrary, it is the contention of counsel for plaintiff that the attempted substitution of the agent of the government for the railway company, as an amendment to the complaint, stated the same cause of action as the original complaint, and that the substitution related back to the commencement of the action against the railroad. In support of his contention, plaintiff cites chapter 50, sec. 28, Barnes' Code, 1923. *Weimer* v. *Rec-*

*tor,* 43 W. Va. 735. An examination of these authorities will show that such amendments are allowed when there is a misnomer. He also seeks to justify the amendment by insisting that where the defendant is sued in a representative capacity, an amendment may be allowed changing him to an individual capacity and that such an amendment will not have the effect of introducing a new defendant, or changing the cause of action. The authorities cited to sustain this latter proposition will disclose that in every case defendant was a trustee or fiduciary connected with the transaction. None of them deal with an attempt to sue an agent of limited powers, as in this case, and hold the principal liable upon the judgment against the agent. In Hogg's Pleading & Forms, page 25, it is said, "As a general rule, the action must be brought in the name of him whose legal right has been affected and who was legally interested in the property at the time the injury thereto was committed against him who committed the injury, whether done by himself or his agent." And on page 36, Mr. Hogg says that, even in the case of contracts, "a contract entered into with a principal through an agent is in law made with the principal, and the principal, not the agent, is the proper person to sue for its breach."

The argument of the plaintiff, however, entirely overlooks the fundamental principle that when the United States Government has consented to be sued, it can only be sued in the manner provided in such consent. Up to the time of this vital amendment to the summons no such consent had been obtained. Theretofore the suit had been pending against a party that the government had expressly declared through the Congress should not be sued. This Court has held, except where authorized by statute, process cannot be altered to bring in new parties. *Fisher* v. *Crowley,* 57 W. Va. 312; *Phillips* v. *Deveny,* 47 W. Va. 653. Involving the precise question here, the courts of the country have held that an amendment cannot be made so as to bring in the United States as a party defendant after the period of limitation has run. *Garney* v. *Davis,* 212 Pac. 659; *Shiell* v. *Davis, Agent,* 119 S. E. 539; *Davidson* v. *Payne,* 289 Fed. 69.

The second assignment of error is that the suit was not

brought against any agent designated by the President under the Transportation Act within the two years' limitation fixed by the act.

After relinquishing control of the railroads the government was not obliged to suffer itself to be sued through an agent or otherwise on account of the causes of action arising out of the possession and use of the transportation systems of the country. Having decided to permit actions to be maintained, the government could impose such conditions as it saw proper. One was that actions must be brought within a period of two years from the date of the passage of the transportation act or not later than February 28, 1922. As has already been said, this was not done in the instant case.

Our conclusion, therefore, is that the amendment made in the summons on May 28, 1923, was not authorized by our statute and was tantamount to the commencement of a new action, which could not be done after the period prescribed by the federal statute within which such actions may be instituted. The substitution was not a mere change of representative capacity to an individual capacity, or *vice versa,* as claimed by the plaintiff. The effect of the amendment was to change the action from one against the railroad corporation to one against the United States government, and, as before stated, it constituted a complete change of parties.

The judgment must be reversed, and the action dismissed, and it is so ordered.

*Reversed.*