# Richmond.

## AMANDA A. JACKSON v. CITY OF RICHMOND.

January 17, 1929.

The opinion states the case.

*John Hirschberg* and *M. J. Fulton*, for the plaintiff in error.

*James E. Cannon* and *Lucius F. Cary*, for the defendant in error.

PRENTIS, C. J., delivered the opinion of the court.

Amanda A. Jackson, claiming that while walking on the south side of Leigh street, in the city of Richmond, between the intersection of Twenty-second and Twenty-third streets, while exercising proper care, she was injured, because of the negligence of the city in failing to exercise reasonable care to keep the sidewalk there in a reasonably safe condition for pedestrians, instituted and action at law for damages. The declaration was filed September 17, 1923.

The original declaration failed to allege that the notice required by section 19-g of the city charter had been given. That section reads:

"No action shall be maintained against the said city for damages for an injury to any person or property alleged to have been sustained by reason of the negli-

gence of the city, or of any officer, agent or employee thereof, unless a written statement, verified by the oath of the claimant, his agent or attorney, of the nature of the claim and of the time and place at which the injury is alleged to have occurred or been received, shall have been filed with the city attorney of said city within six months after such cause of action shall have accrued."

The defendant city filed its statement in writing, declaring its purpose to rely on the contributory negligence of the plaintiff, and its grounds of defense. It is observed in passing that there is no suggestion in these grounds of defense that the proper notice required by section 19-g had not been given. The city also filed a general demurrer. Whereupon, the plaintiff asked leave to amend the declaration by inserting this language: "And the plaintiff further says that she filed with the city attorney of the said city of Richmond, within six months after the aforesaid cause of action accrued to her, written statements verified by her and her agent and attorney of the nature of her claims and of the time and place at which the said injury is alleged to have occurred or been received and sustained by her by reason of the aforesaid negligence of the said city of Richmond." The court permitted this amendment, whereupon the defendant demurred to the declaration as amended, and this demurrer was overruled. Substantially identical questions with those which are now here raised were also then raised by the demurrer of the defendant city.

The plaintiff relies upon two notices as a sufficient compliance with section 19-g. The first in point of time was given within three days after the alleged injury—that is, April 28, 1923; is written upon stationery with the name of John Hirschberg, attorney at law,

printed thereon, is addressed to the Hon. Jas. E. Cannon, city attorney, and reads:

"DEAR SIR:

"Please accept this as notice of injury and damage to the person of Amanda A. Jackson, who resides 518 north .22nd street, Richmond, Virginia, and who met with. a serious accident, along with certain damages, on the night of Wednesday, 25th day of April, 1923, between the hours of nine and ten p. m., and at or near and between 22nd and 23rd streets on Leigh, on the south sidewalk and in or about the middle of the city block.

"To the best of my information, from the hospital authorities (Retreat for the Sick) has a broken arm, hip bone broken and considerably bruised.

(Signed) B. A. JACKSON,
Son of Amanda A. Jackson."

It is verified by the oath of B. A. Jackson.

The second of the notices was given September 25, 1923, a few days after the original declaration had been filed (within six months after the injury alleged), is addressed to the city attorney, is signed and verified by the plaintiff in person, and reads:

"You are hereby notified that on or about the 25th day of April, 1923, I sustained certain injuries and damages by reason of the negligence of the city of Richmond, its officers and agents, and officers' agents, and its employees and others, resulting from the dangerous and negligent way in which the bricks had been allowed to be and become loose and scattered about on the south sidewalk of Leigh street, between the intersection of 22nd and 23rd streets. In carefully walking on the said sidewalk at night at this point, my foot alighted on one or more of the bricks and because of the loose and unfirm condition, it or they

turned and threw me down causing me to break my elbow and my hip bone, and also to suffer very painful and permanent injuries and my total damages aggregate the sum of $25,000.00.''

The learned trial judge, in overruling the demurrer to the amended declaration on June 4, 1927, among other things, said this:

"By the order entered on the 22nd day of February, 1927, the court allowed the plaintiff to amend her declaration by inserting a general allegation that notice had been given to the city attorney in conformity with the charter provision, whereupon the defendant demurred to the declaration as amended, and the court overruled the demurrer; the defendant then filed two special pleas in writing, and the plaintiff first moved the court to strike out the two pleas, and then demurred to them, both of which positions of the plaintiff were denied or overruled.

"Since that time the plaintiff has filed written replications to each of the pleas, and the defendant has filed a motion to reject and strike out the replications, and likewise a demurrer to them.

"The question arising upon the motion to strike out, and upon the demurrer to the pleas, have been argued before me this June 4, 1927.

"There are three cases so far in Virginia relative to the notice of the claim to be given to a municipal corporation in negligence cases. They are *O'Neil* v. *City of Richmond*, 141 Va. 168, 126 S. E. 56; *Bowles* v. *City of Richmond*, 147 Va. 720, 129 S. E. 489, 133 S. E. 593, and *City of Portsmouth* v. *Weiss*, 145 Va. 94, 133 S. E. 781. I gathered from these cases that the notice or statement filed within the prescribed period is in the nature of a condition precedent to the maintenance of the action, and therefore an omission

to allege in the plaintiff's pleading that the law had been complied with in this respect renders the pleadings subject to demurrer. The omission to so allege in the declaration or motion in this case has been cured by an amendment which the court properly allowed. The amendment, which merely alleges in general terms compliance with the charter requirements, does not of itself change the cause of action nor make a new case; it merely supplies one of the omitted requisites connected with but essential to the plaintiff's case, which should have been averred in the original declaration. But the additional pleadings now before the court disclose that there was a statement filed with the city attorney a few days after the occurrence complained of, and some time before action was brought; also that after the action was brought another independent statement was filed, this having been done within the six months, but some time before the declaration was amended. I think the statement filed or prepared in April, 1923, and on which the plaintiff necessarily relied at the time the suit was brought, is manifestly insufficient and cannot support the allegation in the declaration. It is required that the plaintiff should state the 'nature of the claim,' which is almost universally held to mean or include the character of the defect complained of, however briefly or concisely it may be described. The only description in this respect in the statement in effect is, that the plaintiff *met with a serious accident on the sidewalk.* In my opinion the plaintiff had no case at the time the original declaration was filed in the clerk's office on September 17, 1923. The second statement, after institution of the action, was filed with the city attorney on September 25, 1923. The defendant by his motion, and the demurrer to the replications, insists that this second

statement was insufficient. To this it is opposed, on behalf of the plaintiff, that the second notice was not only sufficient in itself but considered together with the first statement as embracing a complete statement to the city, it is not open to objection in any respect. In rejoinder to this position the city attorney argues that the two statements are entirely independent and cannot be considered as embodying a single statement, and in addition that no statement at all can be filed, under the terms of the law, after the suit has been brought, although filed within the period prescribed by the charter, as was the case here. I am rather inclined to think that if an action is prematurely brought before the statement is filed, yet a statement properly filed in compliance with law though after institution of the action, can, under the Virginia practice, be brought into the case by an amended pleading; for it would appear needless technicality to compel the institution of a new action. But however this may be, the situation which has arisen here raises a question which goes to the very right to maintain the suit under the statute of limitations. The city has filed a plea of the statute to the amended declaration. This declaration only contains, as already stated, a general allegation of compliance with the law. The subsequent pleadings or papers, however they may be styled, disclose that this second statement was filed after the suit was brought, and that the declaration was amended so as to bring it in the case only after the period of limitation for institution of an action for negligence had expired. Does the amendment make a new case, so that the limitation period runs to the time of the filing of the amended pleading, and so this action is barred? Or does the amendment relate back to the original declaration? It is insisted that this cannot be

correct because the statement in question was not in existence at the time the suit was brought, and being an essential part of plaintiff's case, it could not be relied upon unless made part of a new case or an amendment equivalent to a new case. Whether I shall decide this question now on the admitted facts in the papers on record, or whether I shall direct all the pleas, replications, etc., to be stricken out as mispleading, and decide the question on the trial, is a matter of indifference as there is no dispute between the parties as to the few facts necessary for a solution of the question. I desire however to form my opinion upon this necessarily vital question.

"In Burks' Pl. & Pr. (2nd ed.), page 392, the author says: 'If the amendment sets up no new cause of action or claim, and makes no new demands, but simply varies and expands the original cause of action, the amendment relates back to the commencement of the action and stops the running of the statute as of that date; but an amendment which introduces a new or different cause of action, or makes a new or different demand, does not relate back and the statute continues to run till date of amendment.'

"In a note to this quotation several authorities are referred to, which may be examined by counsel.

"Reference may be made to the following also: *Watson* v. *Brunner*, 128 Va. 600, 105 S. E. 97; *Norfolk, etc., R. Co.* v. *Greenwich Corp.*, 122 Va. 631, 95 S. E. 389; *Irvine* v. *Barrett*, 119 Va. 587, 89 S. E. 904, Ann. Cas. 1917C, 62; *Agee* v. *Virginian Ry. Co.*, 98 W. Va. 109, 126 S. E. 564; *Lusk's Adm'rs* v. *Kimball & Fink* (C. C. A.), 91 F. 845, 4 Va. Law Reg. 731; *New River Mineral Co.* v. *Painter*, 100 Va. 507, 42 S. E. 300, 8 Va. Law Reg. 430; and the notes to Code, section 6104."

After having permitted this amendment, the further proceedings are indicated in a second memorandum by the trial court, dated July 13, 1927. This reads:

"Since the conclusions of the court stated in a memorandum filed on June 4, 1927, the plaintiff filed a replication to the defendant's plea of the statute of limitations to the amended declaration. Disregarding what may be taken as surplusage in the replication, it has the effect of alleging on the record that the amendment of the original declaration in February, 1927, as to filing of notices of the claim was based upon the notice filed with the city attorney on the 25th day of September, 1923, set out in the replication and to be taken as set out in the plaintiff's amended declaration. To this replication the defendant city demurs. The question is thus raised—pointed out in the former memorandum of the court—whether under the plea of the statute the limitation continues to run up to the time the declaration was amended, and therefore the action is barred.

"Referring to the section of the charter of the city in question, the court says in the *O'Neil Case*, at page 176 of 141 Va. (126 S. E. 58): 'The language here under review is so clear as to carry its own obvious meaning; indeed it is difficult if not impossible to express the purpose to prohibit the institution or maintenance of any action whatever against the city based upon negligence, except after such notice. For this court to put any limitation upon this clear and comprehensive language would be to defeat the purpose so clearly stated in the title as well as in the text.'

"Upon consideration of the authorities mentioned in the former memorandum of the court, and of additional cases cited in argument by counsel on both sides, I am constrained to the conclusion that the giving of the notice of claim subsequent to the institution of the

action and the filing of an amended declaration upon such notice is equivalent to the bringing of a new action at the time the amended declaration was filed and the limitation period runs up to that time. The plaintiff had no right of action until she gave notice; the notice having been given after the suit was brought and declaration filed, she could only be in position to insist upon her right to maintain a suit upon her cause of action from the time she files an amended declaration bringing in the notice required by the statute, unless she lets her original declaration be dismissed on demurrer, or takes a non-suit upon the trial, and then brings a new action.

"The amended declaration may not allege a technically new cause of action, but it is based essentially upon a new claim or demand, without which no right of action against the defendant existed upon the record at any time. The effect of an amended declaration of this character has not been before the court in Virginia, but in an Illinois case, referred to in argument, it was held that in general when a declaration omits an averment of the required giving of notice, an amendment, after the limitation period has expired, is open to the plea of the statute. *Edmunds* v. *Chicago*, 203 Ill. App. 327.

"As the demurrer here goes to whole merits of the case, and is necessarily conclusive of the right of recovery, final judgment may be entered upon the demurrer for the defendant, as was done in the case of *Morris* v. *White*, 146 Va. 553, 131 S. E. 835, and in the cases there mentioned at page 573 (131 S. E. 840)."

It is seen, then, that although the trial court permitted the amendment which alleged that proper notices had been given, it later held that because this amendment was made more than one year after the

original cause of action accrued, it was equivalent to bringing a new action at the time of the filing of such amendment, and therefore that the defendant's plea of the statute of limitations to the amended declaration was a bar to the action. This is assigned as error.

It is also claimed for the city that the notices relied on by the plaintiff are both insufficient. As to the first, it is said that it is fatally defective, in that it was not given by the claimant, her agent, or attorney, as required by the charter; that it cannot be said that a notice given by a son of the plaintiff is a substantial compliance with the statutory requirement that it shall be given by her agent or attorney; and that it is also fatally defective, in that it did not set forth the nature of the plaintiff's claim. Then, as to the second notice, of September 22, 1923, it is said that this is also defective because the place of the accident is not stated with sufficient particularity.

The questions thus raised have been the subject of much litigation. We think that no good purpose would be served by undertaking to cite many of the numerous cases in which courts have held that such notices were either sufficient or defective. A large number of such cases from the Federal courts, twenty or more States and the Dominion of Canada are cited in the note to *Sollenbarger* v. *Lineville* (141 Ia. 203, 119 N. W. 618), 18 Ann. Cases 994 *et seq.*

In the case of *Beyer* v. *City of North Tonawanda*, 183 N. Y. 338, 76 N. E. 214, reversing a judgment of the Appellate Division, 94 App. Div. 614, 88 N. Y. S. 1092, this language is so applicable to the second notice which was given here that we quote it: "The sole question in the case is whether this notice was a sufficient compliance with the statute for the purpose of enabling the plaintiff to bring and maintain the

action. We think it was. Clearly, the notice on its face is sufficient. It describes the street or avenue where the accident happened, the side of the avenue, and the particular locality as 'about halfway between Schenck street and Robinson street.' But the defendant gave evidence at the trial tending to show that the precise locality where the accident occurred was not halfway between the two streets mentioned that cross the avenue, but was from eighty to one hundred feet by measurement from the center of the avenue. It seems that this notice was sufficient to enable the defendant's engineer to pick out the place where the rotten plank was which caused the plaintiff's injury. The engineer does not seem to have had any trouble on that ground. It appears that the side of the avenue where the accident occurred was substantially a vacant lot, and if the plaintiff made a mistake in describing the place of the injury as halfway between two of the cross streets, it would be rather too narrow a point upon which to determine the case. The purpose of the statute, obviously, was to enable the defendant to find the place where the defect was claimed to have been, in order to prepare for trial and in order to remedy it; and, as already observed, the city had no difficulty in finding it. The engineer measured from the spot to each of the cross-streets, and found that it was nearer to one of them than to the other by some eighty or one-hundred feet. I am not aware of any well-considered case which decides that such a defect in the notice is fatal to a recovery, and there are numerous cases that hold to the contrary. *Werner* v. *City of Rochester*, 77 Hun 33, 28 N. Y. S. 226, affirmed 149 N. Y. 563, 44 N. E. 300; *Masters* v. *City of Troy*, 50 Hun 485, 3 N. Y. Supp. 450; *Murphy* v. *Village of Seneca Falls*, 57 App. Div. 438, 67 N. Y. Supp. 1013;

*Sullivan* v. *City of Syracuse*, 77 Hun 440, 29 N. Y. Supp. 105; *Cross* v. *City of Elmira*, 86 Hun 467, 33 N. Y. Supp. 947. There are numerous other cases upon the same point, but it is not important to cite them upon a question that would seem to be so plain." *Langley* v. *Augusta*, 118 Ga. 590, 45 S. E. 486, 98 Am. St. Rep. 142; *Nevala* v. *Ironwood*, 232 Michigan 316, 205 N. W. 93, 50 A. L. R. 1192.

■■ One sound rule formulated from the precedents and based upon the particular statute applicable is that the requirement of such notices is mandatory, and, under the Virginia statute, the action cannot be "maintained" unless the notice so required is given within the time specified; but nevertheless, while the giving of a sufficient and timely notice is mandatory, there is nothing in the Virginia statute prescribing the precise form or exact contents of such a notice. It is therefore sufficient in form if it serves its purpose to give the city authorities information of "the nature of the claim and of the time and place" of the injury—this so as to enable them to investigate the circumstances and aid in the defense of the city against improper claims. A substantial compliance with the statute is all that is necessary. 19 R. C. L. 1044; *Small* v. *Seattle*, 139 Wash. 559, 247 Pac. 925, 48 A. L. R. 128.

■■ Tested by these rules, it seems to us manifest that these notices were sufficient. If the plaintiff is fairly entitled to rely on both of them (and we think she is), they show all that the statute requires as to the place, namely, that the accident occurred about the middle of the specified block. If the first notice is to be disregarded because in other respects insufficient, it nevertheless appears that the second notice was given by the plaintiff herself within the six months

period, and that the place was specified as on "the south sidewalk of Leigh street, between the intersection of 22nd and 23rd streets." That an allegation like this in a declaration would be sufficiently specific under the rule in this jurisdiction no one can doubt, and it is manifest that the act requiring such a notice should not be so narrowly construed as to transform it from a measure of defense against unjust claims into an offensive weapon for the defeat of just claims.

As we view the case, no further elaboration on this point is necessary. The average person, having such notices, would know with reasonable certainty all that the statute requires, namely, that the plaintiff claimed to have been injured by reason of the negligence of the agents of the city; that the claim was that the plaintiff had suffered serious personal injuries, specifically a broken elbow and hip bone, with the natural consequences resulting therefrom; that the time was in the night of April 25, 1923; that the place was on Leigh street between 22nd and 23rd streets; and that loose bricks constituted the defective condition of the sidewalk there on the south side of that street; and, if the first notice was heeded at all, that the alleged defect in the street was about the middle of the block.

While out of the multitude of cases in which such questions have been raised there are some expressions from which insufficiency of these notices may be fairly argued, there are very many more which could be quoted to demonstrate that these notices here involved are amply sufficient.

Our conclusion, then, is that the contention of the city that the notices are insufficient to maintain the action cannot be sustained.

The trial court does not seem to have passed definitely upon this question, but dismissed the plaintiff's action upon the ground that the claim was barred by the statute of limitations.

The learned trial judge, in stating his reasons for the conclusion that the action was barred, quotes this language from *O'Neil* v. *City of Richmond*, 141 Va. 168, 176, 126 S. E. 56, 58: "The language here under review is so clear as to carry its own obvious meaning; indeed, it.is difficult if not impossible to express the purpose to prohibit the institution or maintenance of any action whatever against the city based upon negligence, except after such notice. For this court to put any limitation upon this clear and comprehensive language would be to defeat the purpose so clearly stated in the title as well as in the text." This is another illustration of the fact that general language should always be construed to relate to the precise circumstances then under consideration by the court. In that case no notice whatever had been given, and the court was not considering the question which is here presented, namely, whether or not such a notice, given after the institution of the action but within six months from the date of the injury, is sufficient and effective. The language of section 19-g does not, specifically, prohibit the *institution* of an action, but does prohibit the *maintenance* of an action unless the required notice has been given. It expressly recognizes the fact that a cause of action (made *inchoate* it is true by the statute) may have accrued, but provides that even though such cause of action may have accrued it cannot be ultimately maintained unless the notice shall be given within the prescribed six months. The intention of the General Assembly, as expressed, does not then in terms prohibit the institution of such

an action, but does expressly prohibit its successful prosecution or maintenance unless the notice required by the statute is given. The failure to give the notice supplies the defendant with a defense to the action. We fully recognize that it is clearly settled, under such statutes, that the giving of such notice should be alleged in the declaration. We do not understand, however, that the failure to allege the giving of notice is in and of itself always fatal to the action. For example, we can conceive of a case in which the plaintiff failed to make this allegation, but the defendant failed to demur. In such a case, if the plaintiff proved the required notice and there should be no objection to such proof, then the plaintiff in a proper case might recover; and under the practice in this jurisdiction, authorized by statute, the declaration might even at the trial be amended and the case proceed just as if the declaration had been originally perfect.

The learned trial judge said in his first memorandum, that "The amendment, which merely alleges in general terms compliance with the charter requirements, does not of itself change the cause of action nor make a new case; it merely supplies one of the omitted requisites connected with but essential to the plaintiff's case which should have been averred in the original declaration." This, if true (and we think it is), is decisive as to the question of the statute of limitations; but notwithstanding this view, so clearly expressed, the trial court later held, upon further consideration, that the amendment of the declaration was the equivalent of bringing a new action at the time the amended declaration was filed, and hence that the action was barred. If this be so, it seems to be equally true that such an amendment—that is, one that was equivalent to a new and hence different action—

should not have been permitted after the bar of the statute had accrued, and the declaration could not then have been properly amended. The justification for permitting the amendment is that which is indicated by the trial court, *i. e.*, that such an amendment does not change the cause of action nor make a new case because it merely supplies one of the omitted requisites connected with but essential to the plaintiff's case which should have been averred in the original declaration. The effect of the contrary view is to hold nugatory an amendment previously held to be proper. This, we think, grows out of the failure to distinguish between the cause of action and the notice required by statute which is essential in order to maintain the action. The cause of action relied on was the negligence of the city in failing to exercise reasonable care to keep the sidewalk at the place indicated in a reasonably safe condition for pedestrians using ordinary care. That cause of action existed conditionally for one year from the time of the occurrence. Is it logical to hold that the existence of the plaintiff's original cause of action depended upon some subsequent action to be taken by the plaintiff? It seems to us on careful reflection quite clear that the plaintiff might bring such an action before giving the notice, and that the consequence of this would be that the action would ultimately fail, unless thereafter and within six months the notice required by the statute should be given.

In *City of Richmond* v. *Jeter*, 149 Va. 240, 141 S. E. 260, the original notice of motion failed to allege that notice to the city attorney had been given, as required by the charter provision. It was contended that such failure was fatal to the right of the plaintiff to support her claim, and that the amendment there allowed by the court introduced a new cause of action;

but this court held that the amendment, which in that case was made within the twelve months, was properly allowed, which while convenient of course could not have been logically done if it constituted a new cause of action. In that case, the court said this, by Mr. Justice Campbell: "A number of cases have been cited by counsel for the defendant city, holding that statutes of a similar character are mandatory, and the giving of the notice is a condition precedent to the right to. bring such action, and the fact that notice has been given must be averred and proved by the plaintiff to avoid a dismissal of the action. Our decisions are in harmony with these cases on the question that notice must be filed as required by the statute. On the question that it must be averred in the notice or declaration that the notice has been given, we agree with the trial court that the rules of pleading require that this be done in order to show jurisdiction. We also agree with the trial court that this is not a condition precedent to the right to bring action. The act under review is an effort upon the part of the legislature to protect the municipalities against stale or fraudulent claims. The city, for almost a year, had notice of the claim. The action was brought on the 16th day of March, 1925; no possible prejudice could be imputed to a lack of knowledge upon the part of the city attorney.

"Whatever the decisions elsewhere, we are of the opinion that under the provisions of section 6104 (Code 1919), which directs the courts to disregard any error or defect. in the proceedings which does not affect the substantial rights of the parties, and to permit any pleading to be amended in furtherance of justice, the action of the trial court was without error."

In *Bowles* v. *City of Richmond*, 147 Va. 722, 129 S. E. 489, 133 S. E. 593, it appeared that the notice was not verified, as required by the statute, but that such a notice had been received, acted on, and that after full investigation the city disclaimed liability, not because of want of verification, but because of contributory negligence. It was held that the notice had performed its function, and that the failure to verify it could no longer be relied upon to defeat a recovery. In that connection the court cited *Jackson* v. *Dotson*, 110 Va. 46, 65 S. E. 484, where this from Cooley on Constitutional Limitations is quoted with approval: "Those directions which are not of the essence of the thing to be done, but which are given with a view merely to the proper, orderly and prompt conduct of the business, and by a failure to obey which the rights of those interested will not be prejudiced, are not commonly to be regarded as mandatory, and if the act is performed but not in the time nor in the precise mode indicated, it will be sufficient if that which is done accomplishes the substantial purpose of the statute."

The *Bowles Case* is criticised in the brief here as illogical. We think that this criticism is unwarranted. Such a strict construction of this statute as is here contended for would make it easy to defeat just claims. This was not the object of the statute. Its purpose was merely to afford the city a better means of defeating unjust claims. As has been shown in the *Jeter Case, supra*, the amendment was permitted while the motion was pending, but within one year from the date of the injury, that is, before the action was barred, while in this case the amendment was not made until the year had long expired. We do not think that this difference is material. If the amendment was permis-

sible, and we are clearly of the view that it was, then the precise date when it was actually made became immaterial. The cause of action existed and was not barred when the action was instituted, nor when the notice was given. All that the amendment was designed to accomplish was to supply an omission and correct the imperfect statement in the original declaration, and it is strictly germain to the original cause of action averred. This action against the city is not barred because it was instituted within twelve months, the statutory period. The notice required by section 19-g was given within six months, as required by the statute. The fact of the giving of notice should be alleged in the original declaration or notice of motion; it is of equal force and effect, however, if made later by way of amendment during the pendency of the action. All that is necessary in such cases, unless indeed the averment is waived, is that it shall be made before the case is finally determined. In our view, it follows that because the amendment was proper, it became effective from the institution of the action, and that the claim here asserted is not barred by the statute of limitations.

The case cited by the trial judge in support of his view, *Edmunds* v. *City of Chicago*, 203 Ill. App. 327, sustains his judgment. The statute (Hurd's Rev. St. 1915-16, chapter 70, section 7) construed there uses this language: "Any person who is about to bring any action or suit at law in any court against any incorporated city * * * for damages on account of any personal injury shall, within six months from the date of injury, or when the cause of action accrued," give the notice. It will be observed that the language in the Virginia statute is that the action cannot be maintained unless the notice is given. The court, in that case, said among other things, quoting from *Erford* v.

*City of Peoria*, 220 Ill. 546, 82 N. E. 374: "Statutes of this character are mandatory, and the giving of the notice is a condition precedent to the right to bring such suit, and the giving of the notice must be averred and proved by the plaintiff to avoid a dismissal of his suit."

▓ We can agree with the statement that the giving of the notice should be averred and proved. The statement with which we disagree is this: "The original declaration, lacking an averment of service of the statutory notice within the statutory time, states no cause of action—not a cause of action imperfectly stated, as argued by the plaintiff, but states no cause of action. If a cause of action had been imperfectly stated, then the amended declaration would have been a sufficient curative. Failing this, it follows that the amended declaration states a new cause of action, which is barred by the statute of limitations. As defendant invoked the limitation statute as a defense in bar, it was entitled to the judgment of the court in its favor." In our view, the fallacy of this argument is the statement that the declaration did not state any cause of action. We think, on the contrary, that it states a cause of action imperfectly, and being an imperfect statement of the primary cause of action, the defect may be cured by amendment.

We are well supported in this difference of opinion with the trial judge by sound reasons as well as by another Illinois case, from the Supreme Court of Illinois. Both courts have appellate jurisdiction, but if there be any difference in dignity, the Supreme Court of Illinois is superior, as we understand it. We refer to the case of *Enberg* v. *City of Chicago*, 271 Ill. 405, 11 N. E. 114. That court reaches a conclusion with which we agree, but apparently bases its opinion upon

the circumstance that the particular action was brought in the municipal court, and that this action was what is called a fourth-class action in which common law pleadings are held to be abolished. This is said: "The issues in actions of the fourth class, so far as pleadings are concerned, are to be indicated by the mere filing of a statement of claim for all demands, set-offs, or counter-claims which shall merely state the account or nature of the demand if the suit is on a contract, express or implied, or if in tort, a brief statement of the nature of the tort and such further information as will reasonably inform the defendant of the nature of the case. The statement of an account is not a declaration at common law. It is not a pleading in the sense or meaning of common law pleadings. Neither does the statement in tort required by said act rise to the dignity of a common law declaration, in our judgment, requiring all the material or ultimate facts of a case to be stated or pleaded." Having so concluded, the court, in support thereof, said this: "If this notice was not given the city within the time provided it could have compelled the dismissal of this suit when that fact was established. Shall we, against the express provisions of said section 40, add the further requirement that the statement of claim shall aver the giving of that notice, when such an averment in no way adds to the information of appellee as to the nature of the tort, or of the case it is called on to defend? The amendment was a mere statement of a fact that happened after the cause of action accrued, in no way descriptive or explanatory of such cause of action, and we hold that both the amended and the original statement of claim, within the meaning of said section, state precisely the same cause of action and give precisely the same information as to the cause of action

for which suit is brought, and that the statute of limitations was no bar to appellant's suit."

██ May we suggest that if, in the instant case, instead of bringing an action at common law, this plaintiff had filed a notice of motion, we would have a case corresponding quite closely with that which existed in the Illinois case last cited. Should we then construe the law in Virginia so as to leave it in the unique situation in which it now appears to be in Illinois—that is to say, if an action at common law is brought against a municipal corporation based on negligence, the statute of limitations would bar the action under the given conditions, whereas if brought under our motion statute, then the limitation would not apply. We think the proper conclusion is that the main form of the pleading is immaterial, and the limitation does not apply and the action is not barred in either case; and this because such an amendment is the mere statement of a fact which occurred after the cause of action accrued, which though essential to the maintenance of the action is in no way descriptive of or explanatory of such cause of action.

We believe the Supreme Court of Illinois, in *Enberg* v. *Chicago, supra,* has stated the logical rule, and we shall follow it rather than the other, which we deem illogical.

The defendant's demurrer to the special replication of the plaintiff to the defendant's plea of the statute of limitations, filed June 4, 1927, will be overruled, and the case remanded for such further proceedings as may be proper.

<div align="right">

*Reversed and remanded.*