# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Courtney Dixon

v.

City of Chesapeake

June 14, 2016

Case No. CL14-2583

BY JUDGE RANDALL D. SMITH

On June 24, 2015, the Plaintiff filed her amended complaint against the City of Chesapeake, alleging that the City failed to maintain the Campostella overpass in a safe condition on March 4, 2014, by failing to timely close and/or treat the overpass for dangerous, icy conditions. Plaintiff alleges that the City's negligence caused her to have an accident wherein she suffered personal injuries. The Plaintiff requests $5,000,000 in compensatory damages.

On June 1, 2016, the Court heard argument, *inter alia*, on City's "Motion To Strike Plaintiff's Amended Answer to Interrogatories Number[] 1 and To Bar Any Future Claim based on the Same" (hereinafter "Motion" or "Motion To Strike"). The Court took the Motion under advisement, and subsequently received briefs from both parties.

The City's Motion To Strike argues that Plaintiff's amended answer to Interrogatory No. 1 adds a new claim, that the City negligently failed to remove or make necessary repairs to a hazardous depression that caused drainage issues on the Campostella overpass. The City claims that Plaintiff is barred, pursuant to Va. Code § 15.2-209, because Plaintiff did not put the City on notice of such claim within six months after the cause of action accrued. In response to interrogatories issued by the City, the Plaintiff stated that she became aware of the new theory that the City failed to remove or make necessary repairs to a hazardous depression that caused drainage issues on March 22, 2016. The City asserts that this new theory changes the "nature of the claim" and, therefore, is barred using strict construction pursuant to Va. Code §§ 15.2-209(A) and (G).

It is undisputed that Plaintiff sent two notice letters to the City, on May 9, 2014, and May 13, 2014, respectively, pursuant to Va. Code § 15.2-209. Both letters are, for the most part, identical, except that the May 9th letter refers to the location as the Campostella Bridge, while the May 13th letter refers to it as Campostella Road. As the instant issue turns on the substance of the notice letter, it is prudent to set forth the contents of one of the letters *verbatim*. The May 13, 2014, letter states, in pertinent part:

> This letter is to advise you that I have been retained to represent Courtney Dixon for injuries which she sustained on March 4, 2014, on Campostella Road.
>
> We contend that the City of Chesapeake created a nuisance and dangerous condition with actual notice of such dangerous condition and was further negligent in failing to maintain, contract with others, close, or treat the roadway facility on the date due to weather conditions known or in the exercise of reasonable care should have been known and timely action taken to alleviate its icy condition.
>
> The city had sufficient notice of the dangerous conditions on the roadway but took no action to protect users of the roadway.
>
> Please be advised that, due to the negligence, an accident resulted when another vehicle lost control and hit my client, breaking both of her legs and ankles with multiple surgeries. We will submit medical specials for your consideration. Enclosed please find a copy of the accident report made a part of this notice.
>
> We now submit a demand in the amount of five million dollars to resolve the claim. Should you have interest in mediation, we use the McCammon Group. . . .
>
> You are further notified of my lien for attorney's fees and costs pursuant to this claim as provided by Virginia law.

As relevant to the instant case, Va. Code § 15.2-209 provides, in part:

> A. Every claim cognizable against any county, city, or town for negligence shall be forever barred unless the claimant or his agent, attorney, or representative has filed a written statement of the nature of the claim, which includes the time and place at which the injury is alleged to have occurred, within six months after such cause of action accrued. However, if the claimant was under a disability at the time the cause of action accrued, the tolling provisions of § 8.01-229 shall apply. . . .

G. The provisions of this section are mandatory and shall be strictly construed. This section is procedural and compliance with its provisions is not jurisdictional.

In 2007, the notice provisions relating to counties, cities, and towns were moved and reworked by the General Assembly from Va. Code § 8.01-222 to Va. Code § 15.2-209; additionally, subsection G was added at this time. 2007 Va. Acts, ch. 368; *see Annual Survey of Virginia Law: Civil Practice and Procedure*, 42 U. Rich. L. Rev. 229, 263 (2007).

Case law prior to the 2007 amendment "espoused a doctrine of substantial compliance and some creative relay-delivery circumstances had been treated as meeting the [notice] requirements." Kent Sinclair & Leigh B. Middleditch, Jr., *Virginia Civil Procedure* § 2.30[B], at 183 (6th ed. 2014); *see, e.g., Miles v. Richmond*, 236 Va. 341, 344-45 (1988) (holding that substantial compliance with notice is sufficient); *Town of Crewe v. Marler*, 228 Va. 109, 112 (1984) ("The statute should be construed liberally and substantial compliance with its terms is sufficient."); *Heller v. Virginia Beach*, 213 683, 685 (1973). It appears that the addition of subsection G to Code § 15.2-209 by the General Assembly was in reaction to — and to reign in — courts' liberal construction and substantial compliance doctrine with regard to the method and timing of notice. *See* Sinclair & Middleditch, § 2.30[B], at 183 ("Under [Code § 15.2-209(G)], if a timely objection is made the canon of strict construction will now be applied, looking at whether the plaintiff has used one of the approved options to attain timely filing of the notice of claim."); *see also* John L. Costello, *Virginia Remedies* § 17.04[3][a], at 87 (Cum. Supp. 2015).

The purpose of Va. Code § 15.2-209 is to "afford the [city] authorities the opportunity to investigate the circumstances, examine the locality in which the injury is alleged to have occurred, and to discover the witnesses promptly so as to ascertain the facts while their recollections are fresh." *Hartwell v. County of Fairfax*, 83 Va. Cir. 105, 111 (Fairfax Cnty. 2011) (quoting *City of South Norfolk v. Dail*, 187 Va. 495, 501 (1948) (discussing the predecessor statute to Va. Code § 15.2-209)). "'Such provisions tend to discourage and avoid the expense of litigation because a prompt settlement may be made in a proper case.' . . . Section 15.2-209's intent is to discourage litigation when a settlement may be possible." *Id.* (quoting *Dail*, 187 Va. at 501).

In *Jackson v. Richmond*, 152 Va. 74 (1929), a case that involved notice given to a municipal corporation in negligence cases, the Supreme Court noted that the phrase "'nature of the claim,' . . . is almost universally held to mean or include the character of the defect complained of, however briefly or concisely it may be described." *Id.* at 82; *see Portsmouth v. Cilumbrello*, 204 Va. 11, 13 (1963) ("The notice told the city of the nature of plaintiff's claim, *i.e.,* that he was injured because the city negligently construed, maintained, and permitted to exist a sewer manhole on one of its streets.").

"Nature" is defined, in relevant part, by *Black's Law Dictionary* as: "1. A fundamental quality that distinguishes one thing from another; the essence of something," *Black's Law Dictionary* 1056 (8th ed. 2004), while "claim" is defined, in part, as: "1. The aggregate of operative facts giving rise to a right enforceable by a court." *Id.* at 264.

Rule 1:4(d), governing sufficiency of pleadings, is also illustrative; it provides that a pleading is sufficient "if it clearly informs the opposite party of the true nature of the claim or defense." It is an oft-stated proposition, in analysis on demurrer, that "when a . . . complaint contains sufficient allegations of material facts to inform a defendant of the nature and character of the claim, it is unnecessary for the pleader to descend into statements giving details of proof. . . ." *Squire v. Virginia Hous. Dev. Auth.*, 287 Va. 507, 517 (2014) (quoting *Alexander v. Kuykendall*, 192 Va. 8, 14-15 (1951)).

The Court is of the opinion that the theory put forward by the plaintiff that the icy bridge conditions were, at least in part, caused by the City's alleged failure to remove or make necessary repairs to a hazardous depression that caused draining issues, does not change the "nature of the claim." To apply the City's rationale would result in a plaintiff's being limited to only those facts and theories known at the time notice is given to the municipality, and would, in essence, obviate the need for the discovery process. "The discovery stage greatly supplements the pleading stage by narrowing the issues or by adding new ones and by making known more of the facts of the case. The amendment of the pleadings is a frequent result of discovery." W. Hamilton Bryson, *Discovery in Virginia* 2 (Michie Co. 1978).

For the reasons set forth above, the City's Motion To Strike is denied.